LUTIE M. ROUSE *v.* EAGLE CONVEX GLASS SPECIALTY COMPANY *et al.*

(No. 8958)

Submitted September 25, 1940. Decided December 10, 1940.

*Stathers, Stathers & Cantrall* and *Mary Frances Brown,* for plaintiff in error.

*Powell & Clifford* and *Edward W. Eardley,* for defendant in error Lutie M. Rouse.

*Steptoe & Johnson, James M. Guiher* and *Haymond Maxwell, Jr.,* for defendant in error Empire National Bank of Clarksburg.

HATCHER, JUDGE:

This is an action to recover damages for a personal injury. The action was brought against Eagle Convex Glass Specialty Company. Upon its motion, based on Code, 56-4-34, the Empire National Bank, over its objection, was made a defendant. At the close of Plaintiff's evidence, a verdict was directed for the Bank upon its motion and over objection of the Glass Company, and judgment entered accordingly. The trial then proceeded to a jury verdict against the Glass Company and a judgment sustaining the verdict.

The statute referred to provides:

> "Whenever in any case full justice can not be done and a complete and final determination of the controversy can not be had without the presence of other parties, and such nonjoinder shall be made to appear by affidavit or otherwise at any time before final judgment or decree, the court of its own accord, or upon motion, may cause such omitted persons to be made parties to the action or suit, as plaintiffs or defendants, by proper amendments and process, at any stage of the cause, as the ends of justice may require, and upon such terms as may appear to the court to be just."

The writer of this opinion would construe the statute as permitting a defendant in tort to have an alleged joint tort-feasor made a party to the action. The majority say not. They take this position: The practice is settled that the plaintiff in tort can sue one or all who have jointly wronged him, and if less than all, can select whom he will

sue. The practice permitted here would allow a defendant to select in part those to be sued; would force the plaintiff into uncontemplated and perhaps undesired litigation with every added defendant; and would many times inject an issue, as here, between the original defendant and an added one, which might overshadow the issues between them and plaintiff. In a tort action the general disadvantage to a plaintiff and the general confusion thus resulting would overweigh so completely the advantage to the defendant of having determined therein whether another shall share his liability, that it will be presumed the statute was not intended to apply in such case.

Because of this construction of the statute we deem it needless to recite the evidence relating to the Bank. Suffice to say, the verdict for the Bank was improperly directed and is set aside; the judgment on that verdict is reversed; the Bank's objection to the motion of the Glass Company to make it a party was improperly overruled, and is now sustained; and the Bank is dismissed from this action.

The material facts relating to plaintiff's case against the Glass Company follow. The Bank owns a building on a busy corner in the City of Clarksburg. A window pane of bent, or curved, glass, 40" by 58", on the seventh floor was cracked. The Bank engaged the Glass Company to replace the pane. Experienced workmen from the Glass Company were sent to make the replacement which, according to them, was attempted in the customary manner. No precautions were taken against the effect of a possible accident, because, as they said, they had never had one in this type of work. In attempting to take the sash from the frame, the pane, in the language of the workmen "cracked with a crash and just blowed out", "seemed as though the glass sort of exploded there, and a piece fell out." The piece, about two feet square, struck plaintiff who was a pedestrian on the sidewalk below, injuring her severely. The Glass Company contends that

it used reasonable care and that certain instructions given for plaintiff are erroneous.

Some courts have held, as a matter of law, that installing window glass in a building is not inherently dangerous. There would seem to be more danger in removing cracked panes than in installing sound ones. Be that as it may, panes vary so much in size, shape, strength and condition, that we could not subscribe to a legal pronouncement that every removal was without inherent danger. Despite the testimony of the workmen that this "was a simple job", and that "it didn't seem so hard, we had taken out this kind before", the fact that the pane burst demonstrates that danger was incident to its removal. Precautions here, such as roping off the sidewalk, or swinging a net or scaffold below the window are not shown to have been impracticable. Whether the danger should have been foreseen by the workmen and precautions taken, was a question for the jury. We are of opinion that the evidence supports the verdict. And we cannot infer prejudice, even though some of the instructions could have been drawn more precisely.

The judgment in favor of plaintiff is affirmed.

> *Judgment for plaintiff against Eagle Convex Glass Specialty Company affirmed; directed judgment in favor of Empire National Bank reversed; objection of bank to motion to make it a party sustained.*