### KELLER v. KORNEGAY (KELLER, Third-Party Defendant).
#### Civil Action No. 269.

United States District Court
E. D. North Carolina.
Wilson Division.
April 9, 1949.

George Green, of Weldon, N. C., for plaintiff.

Thorp & Thorp, of Rocky Mount, N. C., for defendant.

Connor, Gardner & Connor, of Wilson, N. C., for third-party defendant.

104

GILLIAM, District Judge.

This action was instituted by Edward Keller, who is a citizen of Ohio, against W. B. Kornegay, who is a citizen of Louisiana, alleging damages for personal injuries in excess of Three Thousand ($3,000) Dollars growing out of an automobile collision; the defendant moved, under Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A., to bring in the third-party defendant, Arthur Keller, who is also a citizen of Ohio, alleging that plaintiff's injuries, if any, were due either to the sole negligence of such third-party defendant or to the joint negligence of the third-party defendant and the original defendant, and that, therefore, such third-party defendant is a person "who is or may be liable to him for all or part of the plaintiff's claim against him". The original defendant, third-party plaintiff, seeks only contribution from the third-party defendant in the event judgment be obtained against him by the plaintiff. The motion was allowed and the third-party defendant was brought in as a party to the action. Thereafter, upon due notice, the third-party defendant moved to dismiss upon two grounds:

1. That he is not a person "who is or may be liable to (original defendant) for all or part of the plaintiff's claim against him"; and

2. Because the Court "has no jurisdiction over the claim which the defendant and the third-party plaintiff is attempting to assert in the third-party complaint against this third-party defendant".

The North Carolina statute permitting contribution among joint tort-feasors is as follows: "In all cases in the courts of this state wherein judgment has been, or may hereafter be, rendered against two or more persons or corporations, who are jointly and severally liable for its payment either as joint obligors or joint tort-feasors, and the same has not been paid by all the judgment debtors by each paying his proportionate part thereof, if one of the judgment debtors shall pay the judgment creditor, either before or after execution has been issued, the amount due on said judgment, and shall, at the time of paying the same, demand that said judgment be transferred to a trustee for his benefit, it shall be the duty of the judgment creditor or his attorney to transfer without recourse such judgment to a trustee for the benefit of the judgment debtor paying the same; and a transfer of such judgment as herein contemplated shall have the effect of preserving the lien of the judgment and of keeping the same in full force as against any judgment debtor who does not pay his proportionate part thereof to the extent of his liability thereunder in law and in equity, and in the event the judgment was obtained in an action arising out of a joint tort, and only one, or not all of the joint tort-feasors, were made parties defendant, those tort-feasors made parties defendant, and against whom judgment was obtained, may, in an action therefor, enforce contribution from the other joint tort-feasors; or at any time before judgment is obtained, the joint tort-feasors made parties defendant may, upon motion, have the other joint tort-feasors made parties defendant." Gen.Stat. of N. C. § 1-240.

It appears to me upon reason and under the decisions which, however, are not in accord, that the third-party defendant is a person "who is or may be liable" to the original defendant and that he should be retained as a party to the action so that the original defendant may presently litigate the question of contribution. Upon the trial the question of liability of the third-party defendant will not arise unless the plaintiff recovers judgment against the original defendant and thereupon the jury or the Court will be called upon to decide whether or not there should be contribution made by the third-party defendant. Thus, no judgment can result in favor of the plaintiff against the third-party defendant and there will be no real controversy between these parties, both of whom are citizens of Ohio. Two controversies will be presented, one between the plaintiff and the original defendant, one a citizen of Ohio, the other a citizen of Louisiana; and the other a controversy between the original defendant and the third-party defendant, one a citizen of Louisiana and the other a citizen of Ohio.

The question of whether it is proper to bring in a third-party defendant on a state

of facts similar to those here has been before the courts in many cases. I think that no good purpose will be served by reviewing them. The third-party defendant relies principally on Brown v. Cranston (Thompson v. Cranston), 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, N.Y.; Baltimore & O. R. Co. v. Saunders, 4 Cir., 159 F.2d 481, W.Va.; and Friend v. Middle Atlantic Transportation Co., 2 Cir., 153 F.2d 778, Conn. The identical question presented here in my view was not presented in any of these cases or in any other case called to my attention. All the cases cited above arose in jurisdictions where the right of contribution among joint tort-feasors is not recognized or where the right does not accrue until after a joint money judgment is obtained and the claimant has paid more than his share. For instance, in Brown v. Cranston, Judge Hand bases his decision on Fox v. Western New York Motor Lines, 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578, decided by the New York Court of Appeals, which had held that under New York's statutes permitting impleader a person not a party to the action, although a joint tort-feasor with defendant, cannot be impleaded since under New York law there is no claim for contribution until a joint money judgment has been recovered and claimant has paid more than his share. Upon this Judge Hand concludes [132 F.2d 633]: "While Rule 14, unlike Section 193(2) of the New York Civil Practice Act, gives the defendant a right to bring in a third person 'who is or may be liable * * * to the plaintiff,' in view of the decisions of the Supreme Court in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 * * * we do not feel justified in so construing this rule as to give the defendant a recovery which could not be obtained through any remedy available in the New York State Courts. * * * Inasmuch as the original defendant in the case at bar could obtain no contribution in New York, if we held that Rule 14 governed, 'the accident of diversity of citizenship would * * * disturb equal administration of justice in coordinate state and federal courts sitting side by side.' "

And in Baltimore & O. R. Co. v. Saunders, Judge Parker writes as follows: "Not only is there no provision in West Virginia for contribution between joint tort-feasors in the absence of judgment, but another section of the Code. * * * negatives any such right by a provision that 'a release to, or an accord and satisfaction with' one or more joint tort feasors shall not inure to the benefit of another or bar an action or suit against him for the same cause of action. It is likewise negatived by the decision of the West Virginia Supreme Court of Appeals in Rouse v. Eagle Convex Glass Specialty Company, 122 W.Va. 671, 13 S.E. 2d 15, 132 A.L.R. 1421, which held that one joint tort feasor sued for damages may not require another alleged to be jointly liable with him to be brought in as a party defendant, under Code 56-4-34, which permits additional parties to be brought in that full justice may be done." 159 F.2d page 485.

In North Carolina it seems clear that the statutory provisions governing the right of contribution among joint tort-feasors is different from that of New York, West Virginia and Connecticut; the North Carolina statute as seen expressly accords to one joint tort-feasor who is sued the right to bring in other joint tort-feasors upon motion, and the North Carolina Supreme Court in Evans v. Johnson, 225 N.C. 238, at page 239, 34 S.E.2d 73, at page 74, has said: "The right of a defendant sued in tort to bring into the action another joint tort-feasor and upon sufficient plea to maintain his cross-action against him for the purpose of determining his contingent liability for contribution is given by statute, G.S. § 1-240 and upheld by numerous decisions of this Court. * * * The purpose of the statute is to permit defendants in tort actions to litigate mutual contingent liabilities before they have accrued * * * so that all matters in controversy growing out of the same subject of action may be settled in one action * * * though the plaintiff in the action may be thus delayed in securing his remedy. * * * The right thus conferred by the statute is 'rooted in and springs from the plaintiff's suit and projects itself beyond that suit.' "

My view is that this statute accords to the original defendant a substantive right to contribution which this Court should protect and enforce; and also that this

Court is not deprived of jurisdiction by reason of the fact that the plaintiff and the third-party defendant are citizens of the same state. The jurisdiction of this Court was fixed when the suit was brought by a resident of Ohio against a resident of Louisiana, and the controversy between the original defendant and the third-party defendant is ancillary to the main action. In a way, this is an entirely separate and distinct cause of action in and of itself, though also ancillary to the main action.

The motion will be denied and the third-party defendant will be retained as a party solely for the purpose of litigating the controversy between him and the original defendant for contribution.

The counsel for William B. Kornegay will submit an appropriate order.