Mae Maxey

*v.*

The City of Bluefield, *etc.*

*v.*

General Telephone Co. of the Southeast, *etc., et al.*

(CC 869)

Submitted September 27, 1966. Decided December 13, 1966.

*Burton & Burkett, Billy E. Burkett,* for plaintiff.

*Edmund D. Wells, Jr.,* for defendant.

*Sanders, Sanders & Bivens, Joseph M. Sanders, Hudgins & Coulling, Harold D. Brewster, Jr.,* for third-party defendants.

BROWNING, JUDGE:

Plaintiff, Mae Maxey, instituted this action against the defendant, the City of Bluefield, in the Circuit Court of Mercer County to recover for personal injuries sustained when she fell as a result of a sidewalk allegedly out of repair. The city, prior to answering, moved for leave as a third-party plaintiff to serve a complaint upon General Telephone Company of the Southeast and Bluefield Sanitarium, Inc., and to join them as third-party defendants to the action which motion was granted.

The third-party complaint alleges that the location of plaintiff's fall was on the sidewalk abutting the properties of the third-party defendants and any defect in such sidewalk was the result of negligence on the part of those defendants and also, irrespective of any negligence, at the time of plaintiff's fall there was in effect an allegedly valid ordinance of the City of Bluefield which provides:

> "It shall be the duty of the owners of real estate abutting on any sidewalk to keep the sidewalk and driveway entrance or apron adjacent to their properties in good repair. Any property owner failing to keep the sidewalk or driveway area adjacent to his property in repair shall be liable to reimburse the City, for all loss that it may sustain, or any damage, cost, or expenses that may be imposed upon it by reason of the failure of the property owner to perform such duty."

The complaint then concluded that by reason of the above allegations the third-party defendants are liable to fully reimburse the City for any damages or loss sustained or, in the alternative, to contribute pro rata to the plaintiff for any damages she may have sustained.

The third-party defendants moved separately to vacate the order joining them as third-party defendants and to dismiss the third-party complaint, which motions were sustained by the court and, on its own motion, the court certified the questions of law arising thereon to this Court.

Despite the collateral issues necessarily raised, which were very ably briefed and argued by counsel for all parties, the essence of the questions certified is the applicability of Rule 14(a), R.C.P., which provides that a defendant may make a motion "... for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or *may be liable* to him for all or part of the plaintiff's claim against him. . . " (Italics supplied.) The italicized words have caused much concern to the members of this Court in reaching a decision in this case, however, the gist of the third-party complaint, in effect, grounds such possible liability of the abutting property owners to the city upon the ordinance heretofore quoted. We are presented initially then with the question of the validity of the ordinance.

Chapter 8, Article 8, Section 1, of the Code, as amended, authorizes municipalities "to grade, regrade, pave or repave, surface or resurface, curb or recurb, streets and alleys, and to build or renew sidewalks, . . . and to assess the costs of any or all of such improvements on abutting property." Chapter 8, Article 4, Section 10, as amended, authorizes the council of a municipality ". . . to order the sidewalks [to be] . . . kept in good order, free and clean, by the owners and occupants thereof, or of the real property next adjacent thereto. . . ." Section 46 of the Charter of the City of Bluefield, as amended by the legislature on April 1, 1921, in effect from passage and quoted in the opinion of the trial court, provides that the board of directors of the City of Bluefield may by ordinance lay out streets, walks, alleys, etc., ". . . and cause them to be kept open and in good repair, and generally ordain

and enforce such regulations respecting the same, or any of them, as shall be proper for the health, interest or convenience of the inhabitants of said city.'' Section 54 of said charter provides that: ''The board of directors shall have power, by ordinance, ... to require the owner or owners of property adjacent to any paved sidewalk ... to keep such sidewalk in repair, and in default of his or their so doing, to cause the same to be repaired, and assess the cost thereof upon such owner or owners.'' There can be no question but that the City of Bluefield, under these statutes and charter provisions, is empowered to require by ordinance abutting property owners to maintain a sidewalk in front of their property in a state of good repair, and that the violation of such ordinance gives rise to a cause of action to a person injured as a consequence thereof against the property owner. *Costello v. City of Wheeling,* 145 W. Va. 455, 117 S. E. 2d 513; *Barniak v. Grossman,* 141 W. Va. 760, 95 S. E. 2d 49; *Morris v. City of Wheeling,* 140 W. Va. 78, 82 S. E. 2d 536; *Rich v. Rosenshine,* 131 W. Va. 30, 45 S. E. 2d 499; *Johnson v. City of Huntington,* 80 W. Va. 178, 92 S. E. 344. The first sentence of the ordinance is, therefore, valid and enforceable and gave the plaintiff a right of action against the third-party defendants had she elected to join them as original parties defendant to the action. However, the second sentence of said ordinance, purporting to require an abutting property owner '' ... to reimburse the City, for all loss that it may sustain, or any damage, costs, or expenses that may be imposed upon it by reason of the failure of the property owner. ...'' to maintain the sidewalk in front of his property in good repair is, in our opinion, invalid. Nothing in the statutes or charter of the City of Bluefield, either expressly or impliedly, grants that city the power to transfer its absolute liability to maintain its sidewalks, etc., in repair as required by Code, 17-10-17, as amended, to an abutting property owner. ''It is generally held ... that express statutory authority is necessary to transfer the liability of the municipality

. . . to the abutting owners; and it has been said that nothing short of language unmistakably creating a liability on the part of the owner and making such liability supersede to any extent that of the municipality can legitimately be given that effect. The decided weight of authority is to the effect that statutes or ordinances which in terms merely require abutting owners to construct or maintain and repair sidewalks adjoining their premises, or to pay the costs thereof in case of default, do not impose liability upon such owners to travelers injured by reason of a defective walk. Nor, it is held, do such provisions necessarily give the municipality a right of action over against an abutting property owner where it has been compelled to pay damages resulting from such an injury." 25 Am. Jur., Highways, § 366.

In the case of *Hyre v. Brown,* 102 W. Va. 505, 135 S. E. 656, 49 A.L.R. 1230, the second syllabus point reads as follows: "A municipal corporation possesses and can exercise only the following powers: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the accomplishment of the declared objects and purposes of the corporation— not simply convenient—but *indispensable."* The third syllabus point thereof states: "Where a fair, substantial, reasonable doubt exists as to whether such corporation is possessed of a power, the power must be denied." See also, *State ex rel. Sheldon v. City of Wheeling,* 146 W. Va. 691, 122 S. E. 2d 427; *City of Huntington v. State Water Commission,* 137 W. Va. 786, 73 S. E. 2d 833; *Law v. Phillips,* 136 W. Va. 761, 68 S. E. 2d 452, 33 A.L.R. 2d 95; *Tsutras Automatic Phonograph Co. v. City of Williamson,* 132 W. Va. 22, 51 S. E. 2d 427; *Shulick-Taylor Co. v. City of Wheeling,* 130 W. Va. 224, 43 S. E. 2d 54; *State ex rel. Tucker v. City of Wheeling,* 128 W. Va. 47, 35 S. E. 2d 681; *Hayes v. Town of Cedar Grove,* 126 W. Va. 828, 30 S. E. 2d 726, 156 A.L.R. 702; *Brackman's, Inc. v. City*

*of Huntington,* 126 W. Va. 21, 27 S. E. 2d 71; *Bissett
v. Town of Littleton,* 87 W. Va. 127, 104 S. E. 289, 20
A.L.R. 1478, Annotation, 22 A.L.R. 2d 816. We find
nothing in the statutes or charter provisions referred
to above which expressly, or by necessary implication,
authorizes the City of Bluefield to require an abutting
property owner to indemnify or reimburse the city for
all " loss . . . damage, cost, or expenses that may be
imposed upon it by reason of the failure of the prop-
erty owner . . ." to keep the sidewalk adjacent to his
property in good repair and, in the language of the
*Hyre* case, " . . . the power must be denied." The
second sentence of the ordinance, purporting to ac-
complish that object, therefore, is without authority
of law and invalid.

But, it is contended, that the words "may be liable"
as used in Rule 14(a), R.C.P., nevertheless, properly
permit the joinder of the third-party defendants herein
for the purpose of determining to what extent, if any,
the third-party defendants may be liable to the city
for the injuries sustained by the plaintiff. As pointed
out in the *Costello* and other cases hereinbefore cited,
the valid portion of the ordinance does give rise to a
cause of action in favor of the plaintiff against the
third-party defendants and their liability is joint and
several with that of the city. *Johnson v. City of Hunt-
ington,* 80 W. Va. 178, 92 S. E. 344. However, notwith-
standing such joint liability, two distinct norms of
liability are involved, *Morris v. City of Wheeling,* 140
W. Va. 78, 82 S. E. 2d 536, the absolute liability of the
city under Code, 17-10-17, as amended, which is not
based upon negligence, and the liability of the prop-
erty owner based upon the negligent violation of a duty
imposed by ordinance which must be the proximate
cause of the injury. The fact that the norms of liability
on the part of the city and third-party defendants are
different does not in itself render third-party practice
objectionable in this case, particularly in view of the
provision of the Rule 42(c), R.C.P., permitting separ-
ate trials. But such liability on all parties is to the

plaintiff, subject to whatever rights, if any, the city and the third-party defendants may subsequently assert between themselves. In the reporter's original note to Rule 14(a) it is stated: "It should be pointed out that Rule 14(a) may not be used to require the plaintiff to sue a person whom he originally might have joined as a defendant and whom he chose not to join." It will also be noted that third-party procedure is discretionary with the court. Lugar & Silverstein, W. Va. Rules, p. 125, 3 Moore's Federal Practice, §§ 14.11, 14.55; Barron & Holtzoff, Federal Practice & Procedure, vol. 1A, Federal Rule 14. Under the circumstances of this case, with any right in the city to indemnification or contribution under the valid portion of the ordinance highly doubtful, we cannot say that the trial court abused its discretion in vacating the order joining the General Telephone Company of the Southeast and Bluefield Sanitarium, Inc., as third-party defendants and dismissing the third-party complaint, and its rulings are therefore affirmed.

*Rulings affirmed.*