**Viola LEWIS and Edgar Tabor Lewis, Plaintiffs,**

**v.**

**The CITY OF BLUEFIELD, a Municipal Corporation, Defendant and Third-Party Plaintiff,**

**v.**

**BLUEFIELD SANITARIUM, INC., a West Virginia Corporation, Third-Party Defendant.**

**Civ. A. No. 1104.**

United States District Court
S. D. West Virginia,
Bluefield Division.

Dec. 30, 1969.

Norris Kantor, Katz, Katz & Kantor, Bluefield, W. Va., for plaintiffs.

E. D. Wells, Jr., Bluefield, W. Va., for defendant and third-party plaintiff.

Harold D. Brewster, Jr., Hudgins, Coulling & Brewster, Bluefield, W. Va., for third-party defendant.

CHRISTIE, District Judge:

This action arose when plaintiff, a resident of Virginia, filed a complaint on December 13, 1968, against the de-

fendant, the City of Bluefield, a West Virginia Municipal Corporation, seeking damages in excess of $10,000.00, exclusive of interest and costs, for personal injury. Thus, the necessary requisites for federal jurisdiction appear.

The plaintiff alleges that on December 22, 1966, she fell on the public sidewalk on Russell Street, in the city of Bluefield, receiving serious bodily injury. It is further alleged that the defendant City had allowed the sidewalk to fall into a state of disrepair and that this was the proximate cause of the accident.

On January 21, 1969, this Court granted leave to the defendant City to file a third-party complaint, pursuant to Rule 14(a), against Bluefield Sanitarium, a West Virginia Corporation, an abutting property owner, as a third-party defendant. The answer to the original complaint and the third-party complaint were both filed on January 21, 1969.

The gist of the third-party complaint is that if the City is liable upon the allegations set forth in the original complaint, then the third-party defendant is liable to the City upon principles of indemnification and/or contribution. Subsequently, on February 6, 1969, the third-party defendant moved the Court to vacate its order of January 21, 1969, and to strike the third-party complaint, under Rule 12(f).

### I. Third-Party Practice

Rule 14(a) in pertinent part provides:

"At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part* of the plaintiff's claim against him. * * * Any party may move to strike the third-party claim, or for its severance or separate trial. * * " (Emphasis supplied).

The underlying purpose of the rule is to avoid multiplicity of actions. Its ap-plication is discretionary and it has been denied by the courts where the existence of the third-party claim was doubtful or was made at a late stage in the case. However, mere delay to the plaintiff is not a strong reason for denial because that must necessarily occur. 3 Moore, Federal Practice, Section 14.05.

Since the third-party practice brings into the action one who *is* or *may be liable* to the third-party plaintiff for all or any part of the claim asserted by the plaintiff against the third-party plaintiff in the original complaint, the federal courts have given the word "claim" a broad construction. The federal courts have not accepted the narrow limitations of a "cause of action," and have treated a "claim" as a "group or aggregate of operative facts giving ground or occasion for judicial action." 3 Moore, Federal Practice, Section 14.07. Obviously, this approach helps to avoid a multiplicity of actions. By adopting this broad view of a claim, the federal courts have permitted the use of third-party practice whenever the *substantive law* furnishes a basis for the third-party plaintiff's right against another person for all or any part of the original claim asserted against the third-party plaintiff. While the words "who is or may be liable" includes the concept of advancing the time of assertion of a right, they do not change the substantive law. See Lugar & Silverstein, W.Va. Rules, p. 129.

The crucial point in the motion before the Court is whether there is any substantive law basis for the third-party claim. The third-party plaintiff (City) grounds its claim against the third-party defendant (Sanitarium) upon the principles of indemnity and/or contribution.

It must be borne in mind that the third-party practice does not in itself create a right to indemnity or contribution. In determining whether there is a right to indemnity or contribution under the circumstances presented in a particular case, where federal jurisdic-

tion is founded upon diversity, a federal court must apply the law of the state where such court is held, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Therefore, the immediate task is to determine whether under West Virginia substantive law there is any basis for the claim asserted by the third-party plaintiff (City) against the third-party defendant (Sanitarium).

II. *West Virginia Substantive Law*

West Virginia Code, Ch. 17, Art. 10, Sec. 17, provides,

"Any person who sustains an injury to his person or property by reason of * * * any street or sidewalk or alley in any incorporated city, town or village, being out of repair may recover all damages sustained by him by reason of such injury, in an action against the * * * city, town or village in which such * * * street, sidewalk or alley may be, except that such city, town or village *shall not be subject to such action unless it is required by its charter* to keep the road, bridge, street, sidewalk or alley therein, at the place where such injury is sustained, in repair * * *." (Emphasis supplied).

Section 46 of the Charter of the City of Bluefield, as amended by the legislature on April 1, 1921, provides that the board of directors of the City may by ordinance lay out streets, walks, alleys, etc. " * * * and cause them to be kept open and in good repair, and generally ordain and enforce such regulations respecting the same, or any of them, as shall be proper for the health, interest or convenience of the inhabitants of said city." Section 54 of the city charter provides that,

"The board of directors shall have power, by ordinance, * * * to require the owner or owners of property adjacent to any paved sidewalk * * to keep such sidewalk in repair, and in default of his or their so doing, to cause the same to be repaired and assess the cost thereof upon such owner or owners."

In the Code of the City of Bluefield, Part 5, Article 75, Section 1(a), appears the following ordinance:

"It shall be the duty of the owners of real estate abutting on any sidewalk to keep the sidewalk and driveway entrance or apron adjacent to their properties in good repair. Any property owner failing to keep the sidewalk or driveway area adjacent to his property in repair shall be liable to reimburse the City, for all loss that it may sustain, or any damage, cost, or expenses that may be imposed upon it by reason of the failure of the property owner to perform such duty." [1]

■ There is no question that the City, under the statute and charter provisions referred to, is empowered to require by ordinance abutting property owners to maintain a sidewalk in front of their property in a state of good repair and a violation thereof gives rise to a cause of action against the property owner to a person injured as a consequence thereof, Maxey v. City of Bluefield, supra, 151 S.E.2d at p. 692, citing numerous West Virginia cases, and this being so, the West Virginia Court has held such liability to be joint and several with that of the City. Johnson v. City of Huntington, 80 W.Va. 178, 92 S.E. 344, 11 A.L.R. 1337 (1917). However, as pointed out in Morris v. City of Wheeling, 140 W.Va. 78, 82 S.E.2d 536 (1954), while there is joint liability, two distinct norms of liability are in-

1. The West Virginia Supreme Court of Appeals, in the case of Maxey v. City of Bluefield, 151 W.Va. 302, 151 S.E.2d 689, held the second sentence of the quoted ordinance to be without authority of law and invalid.

volved—the absolute liability of the city under Code 17–10–17, as amended, which is not based upon negligence, and the liability of the property owner which is based upon negligence and a showing of proximate cause. Maxey v. City of Bluefield, supra, 151 S.E.2d at p. 693. But the Court, in the *Maxey* case was careful to note, 151 S.E.2d at p. 694,

> "It should be pointed out that Rule 14(a) may not be used to require the plaintiff to sue a person whom he originally might have joined as a defendant and whom he chose not to join."

Thus, it appears that under the West Virginia procedure the rule is endorsed that, if the plaintiff decides not to join the property owner, Rule 14(a) cannot be used by the City to bring him in. West Virginia Rule 14(a) is identical with the federal rule. However, this falls short of the test used by the federal courts in the establishment of a "claim" for which a person "may be liable." Narrowly drawn, this language would be conclusive only upon West Virginia procedure and would not affect substantive law. Its persuasiveness should not be overlooked, especially since Rule 14(a) of West Virginia is identical with the federal rule.

■ As shown above, West Virginia has held the City and abutting property owners to be jointly and severally liable to the injured party as joint tort-feasors. The City argues in its brief that it is entitled to indemnification because the property owner was *actively negligent*, while the City was only *passively negligent* in allowing the sidewalk to fall into disrepair. Further, that this active-passive relationship causes the property owner to be primarily liable while the City is only secondarily liable, and that indemnification lies in favor of the City by operation of law. We disagree because: First, allowing a sidewalk to fall into disrepair *connotes inactivity*, not activity; second, there is an absolute duty imposed on the City by the statute

and this duty is non-assignable; and third, any civil liability on the abutting property owner at all is imposed by statute or ordinance and is in derogation of the common law and as such must be strictly construed. Rich v. Rosenshine, 131 W.Va. 30, 45 S.E.2d 499 (1947). So, to allow the third-party plaintiff (City) to have the benefit of a common law indemnity would be an anomaly under the accepted general rules of statutory construction and specifically under the case law of West Virginia. The substantive law of West Virginia, as we view it, negates the possibility of a basis for the claim under an indemnification theory. Therefore, the third-party practice under this theory should be denied.

■ As we have seen, West Virginia has promulgated the rule that the municipality and abutting property owners are "jointly and severally liable." This indicates that such tort-feasors are *in pari delicto* and contribution is the proper remedy to be asserted between them.

■ In Rouse v. Eagle Convex Glass Specialty Company, 122 W.Va. 671, 13 S.E.2d 15, 132 A.L.R. 1421 (1940), plaintiff sued defendant glass company as a result of the fall of a pane of glass in a bank building. Defendant glass company then made the bank a third-party defendant. On appeal, the West Virginia Supreme Court of Appeals held that the bank was improperly made a third-party defendant, noting that it was well settled that a plaintiff in a tort action can sue one or all of the joint tort-feasors and if less than all, the plaintiff can select whom he will sue. There the Court reasoned that to permit the defendant to select the tort-feasor to be sued would force the plaintiff into litigation against a party whom he did not wish to sue and which would most likely inject an issue between the original defendant and the added defendant that would overshadow the issue between the plaintiff and the original defendant. As is apparent, this holding was based upon a West Virginia statute dealing with join-

der of joint tort-feasors, is a substantive law holding and, therefore, is not affected by the subsequent adoption of the West Virginia Rules of Civil Procedure in 1960.

Concluding that under West Virginia substantive law this case involves by necessity joint tort-feasors, two federal cases interpreting the West Virginia law have pertinence and the discussion below will be centered on their effect on the question before the Court.

### III. *Federal Cases Interpreting West Virginia Substantive Law*

Perhaps the most important of these cases is Baltimore and O. R. Co. v. Saunders, 159 F.2d 481 (4 Cir. 1947). In this case the plaintiff was injured while riding in a truck which collided with defendant's train. The B & O filed a third-party complaint against the owner and driver of the truck. Speaking through Judge Parker, the Fourth Circuit held the third-party practice to be properly denied, since under West Virginia law, "contribution may be had among joint tortfeasors, not with respect to an inchoate liability, but only as to a joint judgment which has already been obtained against them." (p. 484).

Judge Watkins, in Wolfe v. Johnson, 21 F.R.D. 280 (N.D.W.Va.1958), reached the same conclusion. There he refused to permit a third-party complaint to be filed against a joint tort-feasor. He stated that state laws determine the issue of the right of contribution and that under West Virginia law there is no right of contribution between joint tort-feasors in the absence of joint judgment, and, therefore, a defendant cannot implead as a third-party defendant an alleged joint tort-feasor on the theory of contribution.

After careful investigation of the cases, we find no holdings indicating that these cases are anything but sound law.

### IV. *Conclusion*

The following statements made by Judge Browning in the *Maxey* case, supra, 151 S.E.2d at p. 693, should be kept in mind for pragmatic reasons:

"We find nothing in the statute or charter provisions referred to above which expressly, or by necessary implication, authorizes the City of Bluefield to require an abutting property owner to indemnify or reimburse the city for all 'loss  *  *  *  damage, cost, or expenses that may be imposed upon it by reason of the failure of the property owner  *  *  *' to keep the sidewalk adjacent to his property in good repair and,  *  *  *  the power must be denied."

And further, at page 694:

"Under the circumstances of this case, with any right in the city to indemnification or contribution under the valid portion of the ordinance highly doubtful, we cannot say that the trial court abused its discretion in  *  *  *  dismissing the third-party complaint  *  *  *."

Therefore, considering that plaintiff is in this court solely because of her residence in Virginia, and has, undoubtedly, chosen to sue only the City because of the favorable standard of liability applicable to it, it would seem most practical to refuse the third-party practice and allow the plaintiff to proceed solely against the City, as she has chosen to do. If judgment is there obtained, then the City may assert its rights, if any, against the Sanitarium in the state court and test the "highly doubtful" language concerning the City's right to indemnification or contribution under the valid part of the ordinance imposing a duty on the abutting property owner.

The motions to vacate the order granting leave to the City to file the third-party complaint against the Sanitarium and to strike the third-party complaint for failure to state a claim upon which relief may be granted will be granted.