PETROPLUS, JUDGE:
A claim was filed by Violet Shaffer, claimant, for personal injuries sustained as a result of a fall on a deteriorated and defective sidewalk on Stewart Street near its intersection with University Avenue in the *214 City of Morgantown, Monongalia County, West Virginia, in the amount of $12,000.00. The accident occurred on March 16, 1970, on a sidewalk where West Virginia University was the abutting property owner, and required to keep the sidewalk in good repair by virtue of an Ordinance adopted by the City of Morgantown on January 25, 1938, pursuant to Article VII of the Charter of the City of Morgantown, Chapter 126, Acts of the West Virginia Legislature, 1933, passed on February 17, 1933. Section 29-30 of said Ordinance reads as follows:
Duties of owners of abutting property generally; liability of abutting owners for damages, etc.
“In all cases where there has been heretofore established, or where there is hereafter established, one or more sidewalks along any street or alley, or part thereof, within the city, it shall be the duty of the owners of any ground fronting or abutting on such sidewalks to pave and repave the same, whenever required by an order of the city council to do so, and to keep such sidewalks in repair and to keep the same clean.
Such property owners shall be responsible for any such sidewalk being out of repair, and if any person sustains an injury to his person or property by reason of any such sidewalk being out of repair and recovers damages therefor in an action against the city, such property owner shall be held liable to the city for the amount of such recovery and the cost to it of defending such action. (1-25-38, Sec. 2; 10-31-39.)”
It is alleged that notwithstanding the duty of the respondent to keep the sidewalk in good repair, it negligently permitted large cracks and depressions to exist and that loose pieces of concrete and gravel which accumulated upon the sidewalk caused it to become unsafe for travel. The claimant tripped over the debris, fell and fractured her knee and sustained other injuries, all of which have resulted in a permanent disability.
The respondent in its answer denied liability and asserted the affirmative defenses of contributory negligence and assumption of risk.
The facts developed at the hearing are as follows. The claimant was employed as a food handler at the Mountain Lair, a social center, of the University, and as a result of her disability was unable to work *215 for a period of five months. The accident occurred about 7:30 in the morning while she was on her way to work. The weather was clear and dry, and it was fairly light at the time. She was familiar with the condition of the sidewalk as she walked over the same route from her home to her work every morning.
The claimant in describing the cause of her fall stated “As I stepped over, my foot caught on some of that broken-up gravel and it just throwed me on my knees”. She repeated a number of times that she was aware that the sidewalk was defective in that area.
Although Chapter 17, Article 10, Section 17 of the Code of West Virginia imposes absolute liability on a municipality for failure to maintain its sidewalks in good repair, no legal action was taken against the City, and the claimant has seen fit to pursue her claim against the property owner for negligent violation of a duty imposed by ordinance.
Our Court has held in a number of cases that every defect which may cause injury is not actionable. It is sufficient if streets and sidewalks are in a reasonably safe condition for travel in the ordinary modes, with ordinary care, by day or night. If a sidewalk is unsafe or hazardous, then the violation of the duty must be the proximate cause of the injury. The cases so decided and commented upon are cited in Maxey v. City of Bluefield, 151 W. Va. 302, 151 S.E. 2d 689, and Burcham v. City of Mullens, 139 W. Va. 399, 83 S. E. 2d 505.
The testimony clearly indicated that the claimant was familiar and aware of the deteriorated condition of the sidewalk having walked over it many times before on her way home or from her home to the place of her employment. It appears that she was not exercising the ordinary care required of her under these circumstances, and being forewarned of the defect, as a reasonably prudent person she should have taken precautions to avoid tripping over the loose gravel or depressions in the sidewalk.
This Court is constrained by statute to make awards only in those cases where a recovery would be allowed in the regular courts of the State except for the doctrine of sovereign immunity. Although we are most sympathetic to the claimant for the losses and injuries sustained, an award on this basis would be untenable, and would in effect make the State an insurer against accidents upon streets and sidewalks. The *216 evidence about her knowledge of this condition is not conflicting or subject to interpretation in her favor. Aware of the risks confronting her she proceeded over the walk without exercising the care required of her under these conditions. Further she has failed to sustain the burden of proving that the State’s negligence was the proximate cause of the injuries of which she complains.
In conformity with the principles enunciated in this opinion, no award will be made.
Claim disallowed.