BLUEFIELD SASH AND DOOR COMPANY, INC. *and*

N & W RY. CO.

*v.*

CORTE CONSTRUCTION COMPANY, *The Housing Authority Of The City Of Bluefield, et al.*

THE HOUSING AUTHORITY OF THE CITY OF BLUEFIELD, *etc.,*

*Third Party Plaintiff*

*v.*

E. T. BOGGESS, AIA, *etc., Third Party Defendant*

(No. CC892)

Decided May 27, 1975.

*Fred O. Blue, Sanders & Blue* for Housing Authority of the City of Bluefield.

*Walter W. Burton* for E. T. Boggess.

BERRY, JUSTICE:

This is a certified case from the Circuit Court of Mercer County. Bluefield Sash and Door Company, Inc., and Norfolk and Western Railway Company instituted an action against Corte Construction Company, The Housing Authority of the City of Bluefield, Ted Boggess, individually, doing business as Boggess and Associates, and The City of Bluefield, West Virginia, a municipal corporation, alleging that the defendants were negligent in the construction of a low income public housing project in Bluefield, West Virginia which adjoined the plaintiffs' property. Plaintiffs contended that inadequate drainage facilities at the housing development had caused surface water and mud to drain onto their property resulting in extensive damage. Defendant Ted Boggess successfully moved that the action be dismissed as to him on the ground that his corporation E.T. Boggess, AIA, Architect, Inc. was the party who had contracted with the Housing Authority and not himself personally. After Boggess' motion to dismiss was filed with the court, the plaintiffs instituted a separate action against E. T. Bog-

gess, Architect, Inc. in the Circuit Court of Mercer County alleging essentially the same charges which had been alleged against Boggess individually. Subsequent to the dismissal of Boggess as an individual, the Housing Authority moved under Rule 14(a) of the West Virginia Rules of Civil Procedure for leave as a third party plaintiff to serve a summons and complaint upon E. T. Boggess, AIA, Architect, Inc., a corporation, as a third party defendant. The motion was granted and an order entered making E. T. Boggess, AIA, Architect, Inc. a third party defendant. The Housing Authority contended that E. T. Boggess, Architect, Inc. had breached the express and implied warranties, covenants, conditions, terms, and responsibilities under its contract with the Housing Authority concerning the architectural plans for the public housing development and sought judgment against the corporation for all sums which might be adjudged against the Authority in favor of the plaintiffs. E. T. Boggess, Architect, Inc., subsequently moved to dismiss the third party action against it by the Housing Authority contending that the third party complaint failed to state a proper claim under Rule 14(a), R.C.P., and that one joint tort-feasor cannot implead another tort-feasor.

On October 15, 1974 the trial court granted the motion, vacated the June 13, 1974 order which made E. T. Boggess, Architect, Inc. a third party defendant and certified the following questions to this Court: 1) "Does the third party complaint state a claim by authority against Boggess upon which the relief prayed for can be granted under Rule 14(a) of the West Virginia Rules of Civil Procedure?; and 2) Did the Circuit Court of Mercer County, West Virginia, abuse its discretion in vacating the order of June 13, 1974 making Boggess a third party defendant herein and dismissing said third party complaint by order entered herein on October 15, 1974?"

The purpose of Rule 14(a) is to eliminate circuity of actions when the rights of all three parties center upon a common factual situation. The Rule makes possible economies of time and expense by combining the suits in

one action. Impleader under Rule 14(a) is available only against persons who are or may be liable to a defendant for part or all of the plaintiff's claim. The provisions of Rule 14(a) are not mandatory, and whether a third party defendant may be impleaded under this Rule is a question addressed to the sound discretion of the trial court. 6 Wright and Miller, FEDERAL PRACTICE and PROCEDURE, § 1443 (1971). Impleader under Rule 14(a) should never be allowed if there is a possibility of prejudice to the original plaintiff or the third party defendant. *United States v. Acord*, 209 F.2d 709 (10th Cir. 1954) *cert. denied*, 347 U.S. 975 (1954); 6 Wright and Miller, § 1443, supra.

It has been held that there is no reason for the court to permit impleader if it would require the trial of issues not raised by the controversy between the plaintiff and defendant, or where there is a lack of similarity between the issues and evidence required to prove the main and third party claims. *United States Fidelity & Guaranty Company v. Perkins*, 388 F.2d 771 (10th Cir. 1971); *United States v. Jollimore*, 2 F.R.D. 148 (D.C. Mass. 1941); *McPherrin v. Hartford Fire Ins. Co*, 1 F.R.D. 88 (D.C. Neb. 1940). Although Rule 14(a) allows a defendant to implead one who is or may be liable to him for all or part of the plaintiff's claim, there must be a substantive right to relief that will accrue to a third party plaintiff under the applicable law. *Lewis v. City of Bluefield*, 48 F.R.D. 435 (S.D. W. Va. 1969). Under West Virginia law there is no right of contribution between joint tort-feasors in the absence of a joint judgment. Code, 55-7-13. Therefore, a joint tort-feasor cannot implead a third party defendant who is a joint tort-feasor under Rule 14(a). See, *Wolfe v. Johnson*, 21 F.R.D. 280 (N.D. W. Va. 1958); *Baltimore & O.R.Co. v. Saunders*, 159 F.2d 481 (4 Cir. 1947); *Rouse v. Eagle Convex Glass Specialty Company*, 122 W. Va. 671, 13 S.E.2d 15, 132 A.L.R. 1421 (1940).

In this certified case the third party defendant has not been impleaded as a joint tort-feasor. The third party complaint is an action on contract for breach of warranty and contribution is not involved. Recovery, if any,

is based on indemnification for breach of warranties provided in the contract for which no specific provision was made in the contract between the parties. In the instant case the causes of action between the plaintiff and defendant, and the third party plaintiff and third party defendant are not the same and the issues are different. To allow impleader in such case would tend for confusion if tried together and may prejudice the plaintiff and inconvenience the third party defendant. *See, United States v. Acord, supra.* It would also require the trial of issues not raised in the main action. *See, United States v. Jollimore, supra.*

It is true that under Rule 42(c) of the West Virginia Rules of Civil Procedure separate trials may be ordered under third party practice, but this is purely permissive on the part of the trial court. In fact, the entire third party procedure and the provisions for impleader under Rule 14(a) and separate trials under Rule 42(c) are within the sound discretion of the trial court and where the third party procedure may create confusion or cause complicated litigation involving separate and distinct issues, the trial court does not abuse its discretion in refusing to allow impleader under third party practice. *Maxey v. City of Bluefield,* 151 W. Va. 302, 151 S.E.2d 689 (1966); *Duke v. Reconstruction Finance Corp.,* 209 F.2d 204 (4 Cir. 1954); Wright and Miller, § 1443, supra.

For the reasons stated herein we cannot say that the trial court abused its discretion in vacating the order of June 13, 1974 making E. T. Boggess, AIA, Architect, Inc. the third party defendant. Thus, the ruling of the Circuit Court of Mercer County of October 15, 1974 dismissing the third party complaint and vacating the order of June 13, 1974 making E. T. Boggess, AIA, Architect, Inc. a third party defendant is affirmed.

*Ruling affirmed.*

HADEN, CHIEF JUSTICE, *concurring*:

I respectfully concur with the opinion of the majority. I am in agreement with the underlying rationale of the

decision that a trial court does not abuse its discretion in refusing to allow impleader under third party practice where combined litigation of separate and distinct issues may create confusion and cause undue implication of the litigation.

In resolving the case, however, the majority unequivocally states a proposition which is not the law of this jurisdiction: "a joint tort-feasor cannot implead a third party defendant who is a joint tort-feasor under Rule 14(a)." It is true that, pursuant to *W. Va. Code* 1931, 55-7-13, a joint tort-feasor cannot secure contribution from a joint tort-feasor in absence of a joint judgment obtained against both. *Wolfe v. Johnson*, 21 F.R.D. 280 (N.D. W. Va. 1958); *Baltimore & O. R. Co. v. Saunders*, 159 F.2d 481 (4th Cir. 1947). On the other hand, a person may be liable to another on a basis other than as a joint tort-feasor subject to contribution by statute. For example, in *Goldring v. Ashland Oil & Ref. Co.*, 59 F.R.D. 487 (N.D. W. Va. 1973), Judge Maxwell refused to dismiss a crossclaim against an alleged joint tort-feasor because there is a common-law right of idemnity between joint tort-feasors in West Virginia, in addition to the statutory right of contribution. Likewise, in the instant appeal, the Housing Authority alleged negligence, breach of implied and expressed warranties and sought indemnification against Boggess in its third party claim. I am unaware of any substantive rule of law which forbids the assertion of these claims, or others not mentioned, against a person who is or may be liable to the Housing Authority.

Consequently, while this Court properly determined not to disturb the discretion exercised by the trial court, we should not appear to hold that joint tort-feasors are prohibited by statute from impleading alleged joint tort-feasors merely because the plaintiff has not sued the party sought to be impleaded.

As I read Rule 14(a), W. Va. R.C.P., a defendant may implead "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him[,]" subject to the discretion of the

trial court. Accordingly, a defendant should be permitted to assert claims allowable under the substantive law of this State by impleader, as authorized by Rule 14, *id.*, without regard to the fact that plaintiff may have chosen not to sue the party to be impleaded as a joint tortfeasor. The courts of this State are open to every person for injury done to him so as to provide a remedy by due course of law. *W. Va. Const.*, Art. III, § 17.