**TALLY WELL SERVICE, INC., Plaintiff,**

v.

**MOUNTAIN STATE STEEL FOUND-RIES, INC., et al., Defendants.**

Civ. A. No. 82–0097–P(H).

United States District Court,
N.D. West Virginia,
Parkersburg Division.

Feb. 3, 1983.

George G. Guthrie, Spilman, Thomas, Battle & Klostermeyer, Charleston, W.Va., for plaintiff.

John S. Bailey, Jr., Earley, Bailey, Pfalzgraf & Seufer, Parkersburg, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

On October 6, 1982, the Plaintiff instituted this action seeking to recover monetary damages for the aggregate value of the services allegedly rendered and the materials allegedly purchased by the Plaintiff for the use and benefit of the Defendant, Mountain State Steel Foundries, Inc. (Mountain State), in connection with the Plaintiff's allegedly authorized attempt to restore Mountain State's gas well. Plaintiff further seeks to recover compensatory and punitive damages from Mountain State and a number of other Defendants for having allegedly conspired to deprive the Plaintiff of the aforementioned sum. Prior to the commencement of this action, however, Mountain State commenced a civil action in the Circuit Court of Wood County, West Virginia, against the Plaintiff at bar and three other drilling companies, seeking to recover monetary damages for the failure of its gas well venture which allegedly resulted from the negligence of the state court defendants. Currently pending before this Court is the Defendants' motion to stay further proceedings in this action, pending the resolution of the state court action. For the reasons set out below, the Court hereby denies the Defendants' motion for a stay.

In ruling on the Defendants' motion for a stay, the Court is called upon to strike the appropriate balance between its "virtually unflagging obligation ... to exercise [its] jurisdiction," on the one hand, and "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," on the other. In striking this balance, the Court is mindful of the general rule that the pendency of a state court action is not a bar to proceedings concerning the same matter in a federal court having concurrent jurisdiction. See Colorado River Water Conservation District v. U.S., 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). In light of this general rule, only a finding of exceptional circumstances would warrant abstention in this action.

Among the exceptional circumstances which this Court may consider in an in personam action, such as the one at bar is: (1) the inconvenience of the federal forum; (2) the desirability of avoiding piecemeal litigation; and (3) the order in which jurisdiction was obtained by the concurrent forums. See Colorado River Water Conservation District v. U.S., supra at 818, 96 S.Ct. at 1246–47. In weighing these factors, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." Id. at 818–19, 96 S.Ct. at 1247.

Inasmuch as the Circuit Court of Wood County and this Court are geographically separated by only two city blocks, the Defendants do not, and indeed cannot, raise inconvenience as a factor for this Court to consider in deciding the motion at bar. The Defendants do argue, however, that the Court should grant their motion for a stay in light of the fact that the state court action was commenced prior to the filing of this action and further contend, without the benefit of cited authority, that the issues raised in the complaint at bar can be fully adjudicated in the pending state court action. The Defendants' argument ignores the fact that the Plaintiff seeks to recover on its civil conspiracy claim from a number of parties who it could not join as third party defendants in the state court negligence action,* as well as the uncertainty of whether the Plaintiff could bring its conspiracy claim before the state court by way of a counterclaim or cross claim, pursuant to *Rule* 13(h), West Virginia Rules of Civil Procedure. Considering that the Defendant cannot bring its civil conspiracy claim before the state court by way of third party practice, and the lack of established precedent to guide the Circuit Court of Wood County in exercising its discretion under *Rule* 13(h), West Virginia Rules of Civil Procedure, this Court finds that piecemeal litigation of the state and federal claims is as likely as it is not. Under such circumstances, therefore, it would be inappropriate for this Court to abstain from its duty to exercise its jurisdiction over the actions which are brought before it. Accordingly, the Court hereby denies the Defendants' motion for a stay.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record.

---

* *Cf., Bluefield Sash & Door v. Corte Construction Co.,* 216 S.E.2d 216 (W.Va.1975), *overruled on other grounds Haynes v. City of Nitro,* 240 S.E.2d 544 (W.Va.1977).