624 S.E.2d 481

**STATE of West Virginia ex rel. THRASHER ENGINEERING, INC., Petitioner**

v.

**The Honorable Fred L. FOX, II, Judge of the Circuit Court of Marion County, West Virginia, and Greater Marion Public Service District and Robert Brummage, et al., Respondents.**

No. 32774.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 5, 2005.

Decided Nov. 17, 2005.

James A. Walls, Kelly B. Kibble, Morgantown, for the Petitioner.

W. Henry Jernigan, Jr., Julia A. Pence, Dinsmore & Shohl, L.L.P., Charleston, for the Respondent, Greater Marion Public Service District.

Guy R. Bucci, J. Kristofer Cormany, Peter G. Markham, Bucci, Bailey & Javins, L.C., Charleston, for the Respondents, Robert Brummage, et al., class plaintiffs.

Charles R. Bailey, Heather D. Foster, Bailey & Wyant, P.L.L.C., Charleston, for West Virginia Department of Environmental Protection, West Virginia Department of Natural Resources, and West Virginia Public Service Commission.

PER CURIAM.

Thrasher Engineering, Inc. (hereinafter "Thrasher"), seeks a writ of prohibition against the Circuit Court of Marion County, in an attempt to prevent the lower court's enforcement of a February 28, 2005, order denying Thrasher's motion for leave to file a third party complaint against the West Virginia Department of Environmental Protection, the West Virginia Division of Natural Resources, and the West Virginia Public Service Commission (hereinafter collectively referenced as "State agencies") for inchoate contribution. Based upon this Court's review of the matter presented and applicable precedent, this Court denies the requested writ of prohibition.

## I. Factual and Procedural History

On September 9, 2003, the Greater Marion County Public Service District filed a complaint against Thrasher as the designer of a vacuum sewage collection system. On April 9, 2004, property owners affected by the alleged defective sewage collection system filed a complaint against Thrasher, and the lower court consolidated those actions.[1] As a defense to the actions against it, Thrasher asserted that illegally excessive ground water, called I/I (inflow and infiltration), was permitted by the Greater Marion County Public Service District and caused the problems which resulted in waste water back-up in yards and residences.

On June 4, 2004, Thrasher served a third-party complaint on the three State agencies, seeking to implead them due to their approval of the design of the collection system. On October 6, 2004, the lower court granted the State agencies' motion to strike Thrasher's third-party complaint, based upon Thrasher's failure to provide notice to the State agencies of the claims against them. The lower court also explained that impleading the State agencies would unduly complicate the litigation "by involving separate and distinct issues, creat[ing] significant confusion, and unduly delay[ing] its ultimate resolution." The lower court also noted that the "merits of the complaints against [the State agencies] are, at best, questionable." The lower court emphasized that Thrasher's allegations were "at best, dubious and unpersuasive."

On December 6, 2004, Thrasher complied with the notice requirements of Rule 14 of the West Virginia Rules of Civil Procedure and filed another third-party complaint against the State agencies. A hearing was held in the lower court on February 22, 2005, regarding Thrasher's attempt to implead the State agencies. The State agencies argued that they would be unduly prejudiced by impleader since depositions of key factual witnesses had already been taken without the participation of the State agencies. They contended that the depositions would have to be retaken, at considerable expense and causing additional delay. During the February 22, 2005, hearing, the lower court explained its rationale for denying impleader of the State agencies on the record, as follows:

I agree that the addition of the three (3) State agencies as third-party defendants would unduly complicate the litigation at hand and would cause an even greater delay in this case. In addition, it has great potential to confuse the jury with additional and diverse issues, which could include but are not limited to State agency regulations, communications from State agencies,

---

1. Other defendants included Green River Group, LLC, and AIRVAC, Inc., involved in the construction of the sewage system.

publication by these State agencies, certification procedures and State policies. The permission to interplead a third-party pursuant to Rule 14A of the *West Virginia Rules of Criminal Procedure* (sic) is placed within the sound discretion of the trial court, and with that latitude I feel that the addition of these three (3) State agencies would significantly prejudice the certified class and the Greater Marion County Public Service Commission.

The order denying Thrasher's request to implead the State agencies was entered on February 28, 2005.

## II. Standard of Review

 When examining a request for a writ of prohibition, this Court observes the following standard of review:

" 'A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W.Va.Code*, 53–1–1.' Syl. pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977)." Syl. Pt. 2, *State ex rel. Kees v. Sanders*, 192 W.Va. 602, 453 S.E.2d 436 (1994).

Syl. Pt. 1, *State ex rel. United Hospital Center, Inc. v. Bedell*, 199 W.Va. 316, 484 S.E.2d 199 (1997). This Court has also explained that a writ of prohibition "lies as a matter of right whenever the inferior court (a) has not jurisdiction or (b) has jurisdiction but exceeds its legitimate powers and it matters not if the aggrieved party has some other remedy adequate or inadequate." *State ex rel. Valley Distributors, Inc. v. Oakley*, 153 W.Va. 94, 99, 168 S.E.2d 532, 535 (1969).

 This standard of review was augmented in syllabus point four of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996), as follows:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

"In determining the third factor, the existence of clear error as a matter of law, we will employ a *de novo* standard of review, as in matters in which purely legal issues are at issue." *State ex rel. Gessler v. Mazzone*, 212 W.Va. 368, 372, 572 S.E.2d 891, 895 (2002).

 This Court must also acknowledge that "[t]he rationale behind a writ of prohibition is that by issuing certain orders the trial court has exceeded its jurisdiction, thus making prohibition appropriate." *State ex rel. Allen v. Bedell*, 193 W.Va. 32, 36, 454 S.E.2d 77, 81 (1994) (Cleckley, J., concurring). As such, "writs of prohibition . . . provide a drastic remedy to be invoked only in extraordinary situations." 193 W.Va. at 37, 454 S.E.2d at 82. More specifically,

this Court will use prohibition . . . to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

Syl. Pt. 1, in part, *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979).

## III. Discussion

 Rule 14(a) of the West Virginia Rules of Civil Procedure provides, in perti-

nent part, that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." This Court has consistently held that the determination of whether to permit the filing of a third-party complaint is within the sound discretion[2] of the trial court.

The provisions for impleader under Rule 14(a), West Virginia Rules of Civil Procedure, and separate trials under Rule 42(c), West Virginia Rules of Civil Procedure, are within the sound discretion of the trial court and where the third party procedure may create confusion or cause complicated litigation involving separate and distinct issues the trial court does not abuse its discretion in refusing to allow impleader under third party practice.

Syl. Pt. 5, *Bluefield Sash & Door Co., Inc. v. Corte Constr. Co.*, 158 W.Va. 802, 216 S.E.2d 216 (1975), *overruled on other grounds by Haynes v. City of Nitro*, 161 W.Va. 230, 240 S.E.2d 544 (1977). Moreover, in syllabus point three of *Bluefield Sash*, this Court stated that "[i]mpleader under Rule 14(a), West Virginia Rules of Civil Procedure, should not be allowed if there is a possibility of prejudice to the original plaintiff or the third party defendant."

The question placed squarely before this Court is whether the lower court abused its discretion in denying Thrasher's motion to file a third-party complaint against the State agencies. The State agencies contend that the lower court was correct in finding a possibility of prejudice to the original plaintiffs and the State agencies and in denying Thrasher's motion. The Greater Marion County Public Service District and the plaintiffs involved in the class action concur with the contentions of the State agencies and the determination of the lower court. These entities maintain that permitting inclusion of the State agencies at this juncture would cause undue delay, would prejudice the plaintiffs and the State agencies, and would unduly complicate the litigation. Further, the State agencies emphasize the dubious and unpersuasive nature of Thrasher's allegations against them. The State agencies contend that they had no involvement with the design, construction, or implementation of the sewage collection system in question and therefore are inappropriate participants in the litigation.

Regarding the issue of potential immunity inquiries, it appears to this Court that the inclusion of the State agencies in the litigation would necessitate the investigation of immunity issues, arising under the doctrine of sovereign immunity and the common law. In the February 22, 2005, hearing, the lower court identified the immunity issue as one of the myriad of problems potentially created by the inclusion of the State agencies as third-party defendants and set forth reasoning on the record as follows:

Although I recognize that Thrasher has complied with notice provisions and that Thrasher has a right to bring this claim despite constitutional immunity pursuant to West Virginia—pursuant to the Pittsburgh Elevator series of cases, I believe that the general principles of avoiding an undue complication of the issues in this case and undue delay and resolution of the case as it relates to the plaintiffs, and the waste of State resources requiring the State institutions to participate far outweighs the defendants right to file a third-party complaint at this time.

The entities supporting the lower court's order contend that the immunity arguments will create additional confusion and delay, requiring the lower court to resolve issues of immunity based upon this Court's findings in syllabus point six of *Parkulo v. West Virginia Board of Probation and Parole*, 199 W.Va. 161, 483 S.E.2d 507 (1996) ("Unless the applicable insurance policy oth-

---

**2.** " 'In general, an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the circuit court makes a serious mistake in weighing them.' " *State v. Hedrick*, 204 W.Va. 547, 553, 514 S.E.2d 397, 403 (1999) (quoting *Gentry v. Mangum*, 195 W.Va. 512, 520 n. 6, 466 S.E.2d 171, 179 n. 6 (1995)).

erwise expressly provides, a State agency or instrumentality, as an entity, is immune under common-law principles from tort liability ... for acts or omissions in the exercise of a legislative or judicial function and for the exercise of an administrative function involving the determination of fundamental governmental policy").[3]

An additional concern raised by the State agencies is Thrasher's delay in bringing the motion to implead them. The agencies contend that Thrasher waited approximately fifteen months to file a proper third-party pleading without offering an excuse for such delay. In the interim, seventeen individuals had been deposed without the State agencies' participation. Significant further discovery would have to be accomplished if the State agencies were to become additional defendants at this point in the litigation. This Court addressed unreasonable delay of this nature in *Shamblin v. Nationwide Mutual Insurance Co.*, 183 W.Va. 585, 396 S.E.2d 766 (1990), and found "no abuse of the trial court's discretion in its decision to deny appellant's motion for a third-party action." 183 W.Va. at 597, 396 S.E.2d at 778. The *Shamblin* Court reasoned that "[t]he appellant's unexplained delay in filing the motion until shortly prior to trial would have prejudiced the plaintiff had it been granted." *Id.*

In the case sub judice, the agencies contend that delay of the nature dealt with in *Shamblin,* coupled with the complicated legal issues to be infused into the litigation and the absence of a credible legal claim against the agencies, should persuade this Court that the lower court did not abuse its discretion in denying Thrasher's attempt to implead the State agencies.

Based upon this Court's review of the particular facts of this case, we find that granting the impleader motion would have resulted in further significant delay, prejudice, and confusion of the issues in litigation. Thrasher did not immediately file a proper Rule 14 motion and thus permitted the litigation preparation to continue without the inclusion of the State agencies. More importantly, the inclusion of the agencies would create further delay and complication of the litigation issues, resulting in prejudice to the original parties. New theories, particularly surrounding immunity arguments, would be introduced into the litigation. The lower court demonstrated a proficient grasp of the diverse issues that would be infused into the litigation if the State agencies were joined. This Court finds no clear error as a matter of law. The issue of Rule 14(a) impleader was within the sound discretion of the lower court, and that discretion was not abused.

Writ Denied.

---

**3.** The briefs submitted on behalf of the State agencies do not specifically address the issue of whether insurance coverage exists which might alter the immunity status of the agencies.