**Elta WOLFE, Plaintiff,**

v.

**Samuel JOHNSON, Defendant and Third-Party Plaintiff (Lemuel A. Wolfe, Third-Party Defendant).**

**Civ. No. 552-F.**

United States District Court
N. D. West Virginia, at Fairmont.
Jan. 20, 1958.

Robert M. Amos, Fairmont, W. Va., for plaintiff.

Harry R. Cronin, Fairmont, W. Va., for defendant and third-party plaintiff.

Oscar J. Andre and Haymond Maxwell, Jr., Clarksburg, W. Va., for third-party defendant.

WATKINS, Chief Judge.

This diversity action arises out of an automobile accident in which plaintiff was a passenger in an automobile driven by her husband, which collided with defendant's car in Marion County, West Virginia. By order of this Court, defendant has brought in as a third-party defendant the plaintiff's husband, alleg-

ing that any injuries sustained by plaintiff were caused by the husband's negligence. The husband has moved for judgment on the pleadings, after filing his answer which sets up a general denial and three defenses:

(1) That making him a third-party defendant has the effect of causing his wife to maintain an action against him, which is not permitted under West Virginia law;

(2) That since the husband and wife are both *residents* of Maryland (he says nothing about *citizenship*) this Court would be deprived of its diversity jurisdiction if the husband were permitted to remain in this action; therefore, under Rule 19(b) the husband should not be made, or retained as, a party in this action;

(3) That the third-party complaint fails to state a claim against him upon which relief can be granted.

### Discussion

Since impleading third parties involves the sound discretion of the District Judge, that same discretion exists to vacate a previous order permitting the filing of a third-party complaint. Duke v. Reconstruction Finance Corp., 4 Cir., 1954, 209 F.2d 204, 208, certiorari denied 347 U.S. 966, 74 S.Ct. 777, 98 L.Ed. 1108. The effect of third-party defendant's motion here is to ask this Court to dismiss him from this action. 3 Moore's Federal Practice, 2d Ed., § 14.18 states that in cases of this sort the proper procedure for attacking the third-party complaint is a motion to vacate the order granting leave to bring in the third party. At any rate, whatever the form of the action should be, the third-party defendant here attacks the propriety of being made a third-party defendant.

Third-party practice in federal courts is governed by Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A. As originally promulgated in 1937, that Rule provided for the impleading of a person who is or may be liable to the defendant "or to the plaintiff" for all or part of the plaintiff's claim. This proved unworkable, and effective in 1948 the Supreme Court amended the Rule by striking out the quoted phrase. Thus as the Rule now reads, only a person who is secondarily liable to the original defendant may be brought in as a third-party defendant—as in cases of indemnity, subrogation, contribution or warranty. 1 Barron & Holtzoff, Federal Practice & Procedure, Rules Ed., Ch. 7; 3 Ohlinger's Federal Practice, Rev.Ed., Rule 14; 3 Moore's Federal Practice, 2nd Ed., § 14.-15.

In the case at bar, the defendant in effect states that plaintiff's injuries came about solely by the third-party defendant's negligence. If that be true, any claim against the third-party defendant would have to come from the plaintiff. As stated in Sheppard v. Atlantic States Gas Co., D.C.E.D.Pa., 72 F.Supp. 185, 186:

"* * * if it be true that the third-party defendants are solely liable to the original plaintiff, that fact will afford no basis for a judgment against the third-party defendants in favor of the original defendant."

On appeal, that statement was quoted with approval, although the case was reversed on other grounds, 3 Cir., 167 F.2d 841. In Fort v. Bash, D.C.E.D.Pa.1950, 10 F.R.D. 626, 627, the following statement appears which is particularly appropriate here:

"A reading of the third-party complaint discloses sole liability of the third-party defendant for the accident and resulting injuries, instead of liability of the third-party defendant to the defendant for all or part of plaintiff's claim against the defendant. In effect the third-party complaint attempts to eliminate the original defendant as a defendant and to substitute the third-party defendant as a defendant. The attempt must fail because it is the

right of the plaintiffs to choose the party or parties against whom they wish to institute an action.

"Consequently, the third-party complaint cannot be sustained."

Under these and other decisions, it is abundantly clear that the third-party complaint in this action does not come within the purview of Rule 14.

■■ Nor can defendant sustain the third-party action on the ground that third-party defendant is a joint tort-feasor from whom defendant may obtain contribution. State law is determinative as to the right of contribution between wrongdoers. Bohn v. American Export Lines, D.C.S.D.N.Y., 42 F.Supp. 228; Brady v. Black Diamond S. S. Co., D.C. S.D.N.Y., 45 F.Supp. 338; Brown v. Cranston (Thompson v. Cranston), 2 Cir., 132 F.2d 631, 148 A.L.R. 1178. Where under state law there is no right of contribution between tort-feasors until after judgment and after one has paid more than his share, a party sued for the tort may not file a third-party complaint against persons who he claims are jointly liable. Thompson v. Cranston, D.C.W.D. N.Y., 2 F.R.D. 270, affirmed Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, certiorari denied Cranston v. Thompson, 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698.

■ Looking to the West Virginia law on contribution, in the case of Crum v. Appalachian Electric Power Co., D.C.S.D. W.Va.1939, 29 F.Supp. 90, Judge Watkins allowed one tort-feasor to bring in a joint tort-feasor by third-party complaint under Rule 14 (before the 1948 amendment of that Rule), citing West Virginia cases to the effect that in this state one joint tort-feasor is entitled to contribution from another joint tort-feasor except where the act is malum in se. However, a later case from Judge Moore's court, Saunders v. Baltimore & O. R. Co., D.C.S.D.W.Va., 63 F.Supp. 705, was appealed to the Circuit Court of Appeals which held, 4 Cir., 159 F.2d 481, 484, that because of West Virginia Code, 55–7–13 which allows contribution only as to a joint judgment which has already been obtained and not with respect to an inchoate liability, it was not an abuse of discretion to refuse to allow a joint tort-feasor to be made a third-party defendant under Rule 14 in a case applying West Virginia law. In the opinion of that case, Judge Parker cites the case of Rouse v. Eagle Convex Glass Specialty Co., 122 W.Va. 671, 13 S.E.2d 15, 132 A. L.R. 1421, which held that one joint tort-feasor who has been sued for damages may not require another alleged to be jointly liable with him to be brought in as a party defendant, even under West Virginia Code 56–4–34 which permits additional parties to be brought in so that full justice may be done. The Saunders decision has become a landmark in interpreting Rule 14, having been cited and followed in a number of federal decisions. It does not expressly overrule the Crum case, since the Rule involves a matter of discretion, but the decision does set forth our Circuit Court's interpretation of West Virginia law. Therefore, in cases applying West Virginia law, a defendant cannot implead as a third-party defendant an alleged joint tort-feasor on the theory of contribution.

Inasmuch as the third-party complaint does not state a cause of action against the third-party defendant upon which relief can be granted in this action, the third-party complaint must be dismissed and the third-party defendant discharged from this action. Having disposed of the third-party complaint in this manner, it is not necessary to rule on defenses (1) and (2) mentioned above as set up by the answer of the third-party defendant.