**Jenny E. MYRICK, Administratrix of the Estate of Baby Boy Myrick, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 83–1441.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 31, 1983.

Decided Dec. 22, 1983.

William D. Breit, Norfolk, Va. (Breit, Rutter & Montagna, Norfolk, Va., on brief), for appellant.

Paula M. Potoczak, Asst. U.S. Atty., Alexandria, Va. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., on brief), for appellee.

Before RUSSELL, WIDENER and SPROUSE, Circuit Judges.

SPROUSE, Circuit Judge:

Jenny E. Myrick, administratrix of the estate of baby boy Myrick, appeals from the order of the district court dismissing her complaint against the United States of America under the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671–2680 (West 1976 & Supp.1983) (FTCA). Her complaint alleged medical negligence by United States employees at the Naval Regional Medical Center, Portsmouth, Virginia, in administering prenatal care and causing the baby to be stillborn. Mrs. Myrick argues on appeal that this action lies under Virginia law for the wrongful death of the stillborn infant, because the Myrick infant was a "person" within the meaning of Virginia's wrongful death statute. We disagree and affirm.

should a termination occur and should any of the three plaintiffs reinstitute his action.

Mrs. Myrick first obtained obstetrical prenatal care at another naval medical facility and received adequate prenatal care there from March 25 to October 2, 1980. On October 3, 1980, however, she went to the labor and delivery deck of the Naval Regional Medical Center, Portsmouth, Virginia, reporting contractions at five-minute intervals. A physical examination indicated that Mrs. Myrick was about to give birth. Her baby's fetal heart tones were normal, and an ultrasound examination showed the baby to be healthy and fully-developed. When Mrs. Myrick did not give birth, she was sent home and asked to return later. She returned to the labor and delivery deck on October 8, 1980, and gave birth to the stillborn baby boy Myrick.

In actions brought under the FTCA, federal courts apply the substantive law of the state in which the act or omission giving rise to the action occurred. *Hess v. United States,* 361 U.S. 314, 80 S.Ct. 341, 4 L.Ed.2d 305 (1960); *Vandergrift v. United States,* 500 F.Supp. 229 (E.D.Va.1978). Mrs. Myrick was treated in Virginia; therefore, its law applies to her claim. Mrs. Myrick argues correctly that a number of states permit wrongful death actions under their statutes for the death of an unborn child. The law of Virginia, however, is settled to the contrary. The Supreme Court of Virginia in *Lawrence v. Craven Tire Co.,* 210 Va. 138, 169 S.E.2d 440 (1969), held that a stillborn infant is not a person within the meaning of the wrongful death statute. Since we are not at liberty to ignore the clear statement of the Virginia court that no action will lie for the death of a stillborn infant, we affirm the district court's dismissal of Mrs. Myrick's complaint.

AFFIRMED.