23495

Wilbert COUSAR, Respondent v. NEW LONDON ENGINEERING COM-
PANY, INC., Appellant, v. M. Wayne HIGGINS, d/b/a M.W.H. Enter-
prises, and Tommy Mungo, Defendants, of whom Tommy Mungo is Re-
spondent.

(410 S.E. (2d) 243)

Supreme Court

*Dana C. Mitchell, III, Jesse A. McCall, Jr.,* both of
*Mitchell, Bouton, Yokel & Edwards,* and *Robert P. Foster,* of
*Foster, Gaddy, Foster & Fortson,* Greenville, *for appellant.*

*James W. Sheedy* and *William L. Ferguson,* both of
*Spencer & Spencer,* Rock Hill, *for respondent Tommy Mungo.*

*Alford Haselden,* of *Haselden & Owen,* Clover, and *John E.
Parker,* of *Peters, Murdaugh, Parker, Eltzroth & Detrick,*
Hampton, *for respondent Wilbert Cousar.*

*Leland B. Greeley,* of *Brunson, Hayes & Gatlin,* Rock Hill,
*for defendants M. Wayne Higgins* and *M.W.H. Enterprises,
Inc.*

Heard Dec. 10, 1990.

Decided Oct. 14, 1991.

FINNEY, Justice:

Appellant New London Engineering Company, Inc. (New London), appeals from two circuit court orders; the first of which denied New London's motion to amend its Answer and Third Party Complaint, and the second retained jurisdiction of issues not on appeal during pendency of an appeal from the first order. We affirm.

New London manufactured a bag flattening machine, Serial Number 78158, manufacture date February 22, 1978, which it sold with an electric motor, but no controls or electrical connections. New London attached a label warning the user to stop the machine prior to attempting any adjustments and a document advising that the bag flattener was not warranted to meet safety regulations. The machine was shipped with a power feeder (a bed type conveyor) and legs attached.

The bag flattener was sold first to Pineland Insulation, Inc. (Pineland), then to Respondent M. Wayne Higgins, d/b/a M.W.H. Enterprises (M.W.H.), and finally to Pulverized Products, Inc.

On February 23, 1987, Wilbert Cousar, an employee of Pulverized Products, was severely injured while attempting to load a bag onto the bag flattener. Cousar's arms were caught by the in-running compression point and he was pulled up to his neck. At the time of the incident, the machine was not equipped with a power feeder, and the legs had been removed or were improperly positioned. Cousar instituted a products liability action against New London on the theories of negligence, breach of warranty and strict liability.

New London's answer impleaded M. Wayne Higgins d/b/a M.W.H. Enterprises, and Tommy Mungo for indemnity as third-party defendants. M.W.H. answered and filed a cross-claim for indemnity against Mungo. On February 17, 1989, Mungo moved to dismiss M.W.H.'s cross-claim. The circuit court granted M.W.H.'s motion for Judgment on the Pleadings. Additionally, the court granted Mungo's motion to dismiss M.W.H.'s cross-claim with prejudice.

On June 20, 1989, New London moved to amend its Answer and Third-Party Complaint to implead alleged joint tortfeasors Tommy Mungo, d/b/a Pineland Insulation, Inc., Pineland

Insulation, Inc., David H. Martin and Wayne P. Huggins individually and d/b/a M.W.H. Enterprises, Inc., and M.W.H. Enterprises. Tommy Mungo was president of Pineland, and David H. Martin was an officer of M.W.H. At a hearing on September 5, 1989, the trial court issued an oral order denying New London's motion to amend. At the same hearing, Mungo moved to dismiss New London's claim for indemnity. Mungo's motion was granted. New London filed timely notice of intent to appeal the court's denial of its motion to amend.

During pendency of New London's appeal, the circuit court issued an order dated September 20, 1989, which provided, *inter alia,* that the circuit court would retain jurisdiction over discovery matters pending disposition of the appeal. New London also appeals from the order of September 20, 1989, contending the circuit court lacks subject matter jurisdiction.

The primary issue in New London's first appeal is whether or not the South Carolina Contribution Among Tortfeasors Act (the Act) is applicable. The Act took effect on April 5, 1988, and expressly applies "to those causes of action arising or accruing on or after the effective date of this act." S.C. Code Ann. § 15-38-10 et seq. (1988).

We find persuasive the reasoning of the United States District Court in *Lightner v. Duke Power Company,* 719 F. Supp. 1310 (D.S.C. 1989) [citing *Hyder v. Jones,* 271 S.C. 85, 88, 245 S.E. (2d) 123, 125 (1978)]; *South Carolina National Bank v. Stone,* 749 F. Supp. 1419 (D.S.C. 1990). The *Lightner* Court concluded that there is a presumption that statutory enactments are to be considered prospective rather than retroactive and made a clear distinction between "a right of action" and "a cause of action." Citing *Shiflet v. Eller,* 228 Va. 115, 319 S.E. (2d) 750 (1984), the United States District Court adopted the following view:

> There is a valid distinction between the accrual of the equitable, inchoate right to contribution that arises at the time of jointly negligent acts and the maturation of the right to recover contribution that arises only after payment of an unequally large share of the common obligation. Stated differently, the right to recover contribution arises only when one tortfeasor has paid or settled a claim for which other wrongdoers are also liable, while

the cause of action for contribution arises at the time of the jointly negligent acts.

*Id.* 319 S.E. (2d) at 754.

Appellant argues that this case is distinguishable because the issue is remedial not substantive. We disagree.

Assuming this is a remedial issue, the "right of action" has not occurred and will not occur until appellant or another alleged tortfeasor has paid or settled the claim. The Court in *Stone* settled this difference by upholding the decision in *Lightner*. The *Stone* decision held that the effective date provisions of the Act "precludes retroactive application of that act in situations where the alleged liability-creating events occurred prior to the enactment, but where the judgment against the Defendants in favor of the Plaintiffs occurred after the enactment date." *Stone*, 749 F. Supp. at 1430. As in *Lightner*, the tort in this case occurred before the Act became effective. Therefore, the Act is inapplicable. We find no abuse of discretion by the trial court in denying appellant's motion to amend its Answer and Third-Party Complaint. The ruling of the trial court is affirmed.

Appellant contends in its second appeal that the trial court erred in retaining jurisdiction over discovery matters during pendency of the first appeal. We disagree.

In cases on appeal, the South Carolina Rules of Court provide for the trial court to retain jurisdiction over matters not affected by the appeal. We conclude that retention of jurisdiction over discovery in this case was not an abuse of discretion. Thus, we affirm the decision of the circuit court.

In view of the disposition of this case, we find it unnecessary to rule on appellant's remaining exceptions. The judgment of the trial court is affirmed.

Affirmed.

GREGORY, C.J., HARWELL and TOAL, JJ., and Acting Associate Justice JOHN P. GARDNER, concur.