Elouise Pepion COBELL, et al., on her own behalf and on behalf of all those similarly situated, Plaintiffs,

v.

Gale NORTON, Secretary of the Interior, et al., Defendants.

Civ.A. No. 96–1285(RCL).

United States District Court, District of Columbia.

Nov. 17, 2004.

Dennis M. Gingold, Elliott H. Levitas, Kilpatrick Stockton, LLP, Keith M. Harper, Richard A. Guest, Native American Rights Fund, Mark Kester Brown, Washington, DC, for Plaintiffs.

Earl Old Person, Browning, MT, pro se.

Brian L. Ferrell, Cynthia L. Alexander, Henry A. Azar, Jr., J. Christopher Kohn, Jennifer R. Rivera, John Thomas Stemplewicz, Jonathan Brian New, Sandra Peavler Spooner, Seth Brandon Shapiro, Dodge Wells, Gino D. Vissicchio, John R. Kresse, John Joseph Siemietkowski, John Warshawsky, Michael John Quinn, Phillip Martin Seligman, Timothy Edward Curley, Tracy Lyle Hilmer, Amalia D. Kessler, U.S. Department of Justice, Charles Walter Findlay, III, United States Department of Justice, Environment and Natural Resources, Mark E. Nagle, Sheppard Mullin Richter & Hampton, Robert Craig Lawrence, U.S. Attorney's Office, Christina M. Carroll, Daniel Gordon Jarcho, Michael James Bearman, McKenna Long & Aldridge, Robert D. Luskin, Patton Boggs LLP, John T. Richards, Jr., Trout & Richards, PLLC, B. Michael Rauh, Manatt, Phelps & Phillips, L.L.P., Washington, DC, John Charles Cruden, U.S. Department of Justice, Annandale, VA, Terry M. Petrie, U.S. Department of Justice, Herbert Lawrence Fenster, McKenna Long & Aldridge, LLP, Denver, CO, for Defendants.

Jason B. Aamodt, Wrightsman Mansion, Stephen R. Ward, Conner & Winters, P.C., Tulsa, OK, Henry Rose, Conner & Winters, Charles Allen Hobbs, Hobbs, Straus, Dean & Walker, Anne Doris Noto, Sonosky, Chambers, Sachse, Endreson & Perry, Washington, DC, Geoffrey D. Strommer, Hobbs, Sraus, Dean & Walker, Portland, OR, for Amicus.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

■ This matter comes before the Court on the Interior defendants' Proposed Order [2752] to clarify the Court's Order of September 29, 2004, as clarified by the Court's Orders of October 1, 2004 and October 22, 2004 [the "land sales Order"]; as well as on the plaintiffs' Comments [2754] in response thereto. Upon consideration of the filings before the Court, the proceedings at the Status Conference held by the Court on November 3, 2004, the applicable law, and the entire record herein; and for the reasons set forth in this memorandum, the Court will today issue an Order to further clarify its land sales Order as specified below.

### BACKGROUND

In its Order issued September 29, 2004, the Court required that all "communications between the Interior defendants and class members related to the sale, exchange, transfer, or conversion of Indian trust land" be accompanied by a Court-approved notice. Order issued Sept. 29, 2004, at 1. Subsequently, at Interior's urging, the Court carefully enunciated the already obvious scope of the September 29, 2004 Order in its Order issued October 1, 2004, making clear that the notice requirement applies only to "communications between the Interior defendants and class members related to the sale, exchange, transfer, or conversion of Indian trust land." Order issued Oct. 1, 2004, at 1–2. After proposed language for the notice mandated by the September 29, 2004 Order was submitted by both parties, the Court issued its October 22, 2004 Order, wherein the Court set forth the proper form of the required notice as follows: "[A]ny and all communications between the Defendants, their agents, representatives, employees, officials, and counsel and members of the plaintiff class related to the sale, exchange, transfer, or conversion of Indian trust land that are not excepted by this Order must include the following notice:

Please be aware that the Indian trust land owner to whom the communications or documents to which this notice is attached were directed may be a member of a class action lawsuit, *Cobell v. Norton*, No. 1:96CVo1285 (D.D.C.) (Judge Lamberth). Nothing in this notice or any letter, document, or other communication to which this notice may be attached will eliminate or adversely affect any rights that the Indian trust land owner who received this notice may have if he or she is a class member in the *Cobell* litigation. The Indian trust land owner who received this notice will not eliminate or adversely affect any rights that he or she may have as a class member by entering into any transaction or communication with any other person or organization, including the Department of the Interior or the Bureau of Indian Affairs, related to the sale, exchange, transfer, or conversion of Indian trust land.

As a potential class member, the Indian trust land owner who received this notice has the right to consult with the class counsel in the *Cobell* litigation prior to any proceeding with any further communication or transaction. For further information you may contact the lawyers for the class members: Dennis M. Gingold, Esq., 607 14th Street, N.W., 9th Floor, Washington, DC 20005, phone: (202) 824–1448, fax: (202) 318–2372, email: dennismgingold@aol.com, or Keith Harper, Esq., Native American Rights Fund, 1712 N Street N.W., Washington, DC 20036–2976, phone: (202) 785–4166, fax: (202) 822–0068, email: harper@narf.org. You may also access further information at the plaintiffs' website, www.indiantrust.com. The Indian trust land owner who received this notice may also choose to waive his or her right to consult with class counsel. If the Indian trust land owner who received this notice wishes to do so, he or she must mark the blank below, sign, and return this notice to the Bureau of Indian Affairs office from which you received it within ten (10) days. Waiver of the right to consult with class counsel will not eliminate or adversely affect any rights that the Indian trust land owner who received this notice may have as a class member in the *Cobell* litigation.

_____ I, the undersigned, hereby waive my right to consult with class counsel in the Cobell litigation before continuing with communications or transactions involving or resulting in the sale, exchange, transfer, or conversion of Indian trust land."

Order issued Oct. 22, 2004, at 6.

The defendants' Proposed Order [2752], filed November 4, 2004 pursuant to the Court's request made during the November 3, 2004 Status Conference, seeks further clarification of the language of this notice, as well as of the circumstances in which the notice must be provided and various considerations related to the waiver provision. On November 9, 2004, the plaintiffs filed a response to Interior's Proposed Order, listing specific objections to each of Interior's proposed clarifications. Upon consideration of these filings, the Court will yet again acquiesce in this hair-splitting exercise, if only because experience teaches that without precise instructions, Interior is likely to misinterpret and fail to properly implement this Court's Orders. Again, the Court feels duty-bound to note that these requested clarifications are redundant in light of the clarity of the Court's land sales Order. However, to remove any potential for misunderstanding or abuse, the Court will again humor Interior's professed befuddlement with further discussion of the Court's intentions.[1] The

---

1. This Court is not unmindful of the possibility that Interior, with its seemingly endless requests for further subtle refinements of the Court's Orders, may be attempting to force the Court to micromanage the day-to-day operations of the department. However, the Court has never claimed the authority to "take over" an executive agency, nor does it assert such authority now. If the desire to force such a ministerial role upon the Court is, in fact, the impetus driving Interior's incessant clarification requests, then Interior is bound to be disappointed. Rather than assert control over the day-to-day operations of the Department of the Interior, the Court will make its Orders as clear as possible, even to the point of redundancy, within the boundaries of the Court's constitutional authority. Matters that fall outside the limitations on the Court's power will be left to Interior to handle, on the assumption that a federal agency, as a guardian of the public trust, will act in good faith and in a manner consistent with both its duties and this

Court's reasoning and the clarifications the Court has determined to be appropriate are set forth below.

## DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 23(d), this Court "has the duty and authority to restrict communications that interfere with the proper administration of a class action and to restrict conduct that abuses the rights of members of the class." *Cobell v. Norton*, 212 F.R.D. 14, 19 (D.D.C.2002) (quoting *Jack Faucett Assocs., Inc. v. Am. Tel. & Tel. Co.*, 1985 WL 25746 at *5 (D.D.C. 1985)); *see also* Memorandum and Opinion issued Sept. 29, 2004, at 12–13, 18–19. In accordance with this duty and authority, the Court ordered that Interior provide notice, in the form specified in the Court's October 22, 2004 Order and recited above, of Indians' potential membership in the *Cobell* class and of the rights of class members prior to proceeding with written communications "between the Defendants, their agents, representatives, employees, officials, and counsel and members of the plaintiff class related to the sale, exchange, transfer, or conversion of Indian trust land." The Court's Order of October 22, 2004 both specified the form of notice to accompany the communications subject to the land sales Order and excepted communications on various Indian trust land-related subjects from this notice requirement. Those exceptions already being crystal clear, they will not be recited here. *See* Order issued Oct. 22, 2004, at 5 (listing, in numbered items 1–7, subjects on which communications need not comply with the notice requirement; excepting all oral communications on any subject from the notice requirement).

■ As the duty to monitor communications with class members and to safeguard the rights of the class falls squarely on the Court, the Court's power to act to restrain and regulate communications between the defendants and members of the plaintiff class need not be first invoked by motion of a party. To the contrary, the Court may act *sua sponte* to restrict communications between the defendants and class members, or to impose conditions on such communications, in whatever manner it finds appropriate pursuant to the Court's determination of what is in the best interests of the class members. Accordingly, the Court has determined that no harm will come from setting forth certain clarifications to the land sales Order; and the nature of the approved clarifications is therefore discussed below.

### B. Interior's Proposed Clarifications

Interior's first proposed clarification to the land sales Order reads as follows.

Defendants may make modifications to the text of the notice related to the sale, exchange, transfer, or conversion of Indian trust land required by the Court's Order issued October 22, 2004 (hereinafter "Notice") as set forth in this paragraph. Defendants may modify the text of the Notice to specify a location other than a Bureau of Indian Affairs office for return of the waiver form. Defendants may remove the blank line adjacent to the waiver language, remove the text requiring the class member to "mark the blank below," and instead specify under the signature line that "Signature constitutes waiver." Defendants may remove the text indicating that the Notice is "attached" to a document so that the notice alone may be provided where appropriate. Defendants may make other minor changes for purposes of clarity, as appropriate, to conform the text of the notice to specified circumstances.

Def.'s Proposed Order at 1–2. The plaintiffs represented their assent to all but the final sentence of this proposed clarification at the November 3, 2004 Status Conference. However, the plaintiffs argue that the final sentence should be stricken from the proposal because conferring upon the defendants the discretion to modify the language of the notice without functional qualification would be to "vitiate the remedies that this Court care-

Court's rulings. Where Interior is found to be acting negligently or in bad faith, the onus remains upon the plaintiffs to bring such conduct to the Court's attention on the appropriate motion.

fully has fashioned to protect trust beneficiaries[.]" Pl.'s Cmts. at 2. The Court agrees.

Circumstances may arise in which Interior would be required, by the nature of the communication at issue, to provide notice in compliance with the land sales Order and in which the language of that notice as set forth in the Court's October 22, 2004 Order would be either inappropriate or confusing. However, no such circumstances, beyond those discussed and dealt with herein, have been brought to the Court's attention either during the November 3, 2004 Status Conference or in the memoranda currently before the Court. Any additional modifications to the language of the required notice beyond those discussed and approved herein must be the subject of a future status conference or briefings so that the Court, in its Rule 23(d) discretion, may determine how best to proceed. Certainly the discretion to regulate communications with class members in a manner that protects the interests of the class should not be entrusted to Interior, the adverse party that has proved, time and again, to be unwilling or perhaps unable to act in the best interests of the Indian trust beneficiaries. Accordingly, the Court will incorporate the above-quoted clarification without the final sentence into today's clarifying Order.

Interior's second proposed clarification to the land sales Order provides that the defendants "may accept as valid a waiver form signed by a class member (or guardian) whether or not the form contains a mark on the blank line adjacent to the waiver." Def.'s Proposed Order at 2. The plaintiff's suggest that the word "may" in this proposed language should be replaced with "shall," again to forestall the possibility of Interior abusing any discretion that this Court might grant with respect to determining when the right to consult with class counsel has been validly waived. See Pl.'s Cmts. at 3. Because the Court herein removes the check-line from the waiver form, this issue should not arise in connection with notices issued subsequent to today's Order. However, for those notices and waiver forms already issued, which contain the check-blank, the Court finds that the plaintiff's concerns about potential abuse should Interior be given discretion to decide whether and when to accept certain signed waiver forms as valid are justified in light of the record in this case. Therefore, the Court will issue the proposed clarification with the word "shall" substituted for the word "may" to ensure that all waiver forms containing check-blanks that are signed and returned to Interior must be construed as valid waivers of the right to consult with class counsel. This conclusion is reflected in the Order issued herein.

The plaintiffs also request that the Court add language to this clarification requiring that anyone claiming to act as a guardian on behalf of a potential class member be required to "state his or her legal relationship to the class member ...[;] provide evidence of the legal authority empowering such guardian to act on behalf of the class member ... [; and] attest to the truth and accuracy of such representation in strict conformity with LCvR 5.1(h)(2) and 28 U.S.C. § 1746." Pl.'s Cmts. at 3. Presumably, this request is made in light of the potential that individuals may fraudulently represent that they are guardians of class members to the derogation of those class members' rights in this litigation. This concern, however, is not corroborated by any evidence currently before the Court. If the plaintiffs wish that the Court impose their suggested requirement, they must present evidence that persuades the Court that there is some basis in fact for the concern motivating the request. Until such evidence is brought forth, however, the Court finds no reason to impose what will obviously be a time-consuming and complicated procedural requirement on the defendants at this time.

The defendants' third proposed clarification to the land sales Order provides that the defendants "may accept as valid a waiver form returned more than ten days after the Notice is provided to a class member (or guardian)." Def.s' Proposed Order at 2. The plaintiffs' argue, again, that the word "may" should be replaced with "shall" in this clarification sentence so that the defendants' acceptance of late waiver forms would be mandatory. See Pl.'s Cmts. at 3–4. The Court understands the parties to have stipulated as much at the November 3, 2004 Status Con-

ference. Therefore, the Court will order that the defendants must accept waiver forms returned more than ten days after receipt of the notice by the Indian or guardian, there being no argument before the Court either that there should be any sort of temporal limitation on the validity of waivers or that the defendants should have the discretion to determine when such a waiver has become "stale" and thus no longer acceptable as valid. To assuage any confusion, the Court concludes that it is best that the defendants be required to accept as valid waivers returned at any time. Today's Order reflects this determination.

The defendants' fourth proposed clarification to the land sales Order would specify that the defendants are not required to "provide the Notice with checks, electronic payments, or quarterly IIM account statements." Def.'s Proposed Order at 2. The plaintiffs reject this proposal entirely, arguing that "it is essential to include a notice with every trust check and with every dispatch of quarterly account statements as they relate to the sale, exchange, transfer, or conversion of trust land to inform and educate trust beneficiaries of their rights in this litigation." Pl.'s Cmts. at 4. However, the Court has already made clear, both in open court at the Status Conference held on October 1, 2004, and in the Court's Order issued October 22, 2004, that the land sales Order does not apply to checks.[2] Furthermore, it is the Court's understanding that the quarterly account statements referenced in the

defendants' fourth proposed clarification are issued in the "ordinary course of business" at Interior, and are therefore also excepted from the land sales Order under the terms of the Court's original Rule 23(d) Order issued December 23, 2002, to which the land sales Order is merely a supplement. *See Cobell v. Norton,* 212 F.R.D. 14, 24 (D.D.C.2002) (setting forth the "ordinary course of business" exception). As such, this "ordinary course of business" exception remains in effect, and the Court therefore finds that quarterly account statements are excepted from the effect of the land sales order and may be distributed without the notice specified therein.[3]

The defendants' fifth proposed clarification to the land sales Order would allow that "[d]efendants may require verification of the signature on a waiver form. For example, Defendants may require that the signatory to provide identification, or may require the signature to be witnessed." Def.'s Proposed Order at 2. Again, plaintiff's insist that the word "may" should be replaced with "shall" to eliminate discretion on the part of the defendants in whether or not they require signature verification, as "the obvious potential for abuse [makes it] essential that prudent verification be imperative, not precatory." *See* Pl.'s Cmts. at 4 (also requesting that the defendants' proposed clarification language be replaced with the following: "Defendants shall take prudent actions to verify a beneficiary's identity on the Notice

---

2. The Court has difficulty understanding why the plaintiffs would seek to impose additional conditions on Interior's issuance or distribution of checks, given the recent trouble surrounding trust disbursements flowing from Interior's inability to properly implement the Orders of this Court. *See Cobell v. Norton,* 224 F.R.D. 266, 2004 WL 2377222, at *4 (D.D.C. Oct.22, 2004) (detailing the consequences of Interior's misinterpretation of the Court's land sales Order). The Court is fairly certain that, if the plaintiffs' request that notice be included with all trust checks were granted, those checks would likely be withheld again to the further detriment of trust beneficiaries. The Court prefers not to give Interior any leeway to engage in any further misconduct.

3. The plaintiffs' argument that any communication between the defendants and class members is rife with the potential for abuse is certainly

well taken. However, the Court has never expanded its rule 23(d) Orders beyond the specific subject-matter they govern. With respect to the land sales Order, which is the only Order currently before the Court for clarification, the only subject-matter properly implicated is written communications between the defendants, their agents, representatives, employees, officials, and counsel and members of the plaintiff class related to the sale, exchange, transfer, or conversion of Indian trust land. In order for the plaintiffs to succeed in expanding the notice requirement to encompass checks and quarterly account statements, they must either file a motion to supplement the Court's December 23, 2002 Order or succeed on their pending (but as yet unripe) motion to authorize the distribution of a class-wide notice. Neither of these matters is properly before the Court today, and so the issue will not be discussed further here.

and Waiver."). The Court agrees that verification of the identity of the signatory of a waiver form ought not be a matter left to the discretion of the defendants. There is no argument in the record to persuade the Court that Interior needs to be able to require signature verification in some situations and not others. Obviously, without some extenuating circumstances to consider, the benefits of signature verification in all cases outweigh any small administrative burden that requiring such verification might impose upon the defendants, especially in the context of something as important as waiving one's right to consult with class counsel. Accordingly, the Court will order that defendants obtain verification of the identity of every signatory to the waiver form required by the land sales Order.

The defendants' sixth proposed clarification to the land sales Order would allow the defendants to require a signed statement from a potential class member or the guardian of a potential class member who represents that the potential class member has consulted with class counsel and wishes to proceed with written communications related to the sale, exchange, transfer, or conversion of Indian trust land "confirming that such consultation has occurred;" and to require signature verification as described above. Def.'s Proposed Order at 2. The sixth proposal would also allow the defendants to accept and act upon such a representation from the legal representative of a potential class member. *See id.* Again, the language of the defendants' proposal uses the term "may," seemingly leaving the defendants with the discretion to accept such representations and require such verification forms or not. The plaintiffs again argue that such discretion should not be placed in the hands of Interior, which has proven time and again to be unworthy of the trust of this Court, the plaintiffs, or the trust beneficiaries. *See* Pl.'s Cmts. at 4–5. The Court agrees, and shall therefore change the word "may" to the word "shall" in the defendants' proposed clarification when issuing its clarifying Order below. The Court will also slightly reword this proposed clarification to specify that all representations that a potential class member has consulted with class counsel be in a signed, verified writing whether they are provided by the potential class member, a guardian, or a legal representative.

Additionally, the plaintiffs contend that acceptance of a representation that a potential class member has consulted with class counsel from a purported legal representative of that potential class member should be contingent on the submission of a written and signed verification of representation by the purported legal representative. *See* Pl.'s Cmts. at 4–5. The plaintiffs indicate that the "recent experience of certain members of the *Cobell* class" favors requiring verification of legal representation, hinting that some sort of fraud or abuse has been perpetrated against class members by individuals posing as their legal representatives. *Id.* at 5. If such fraud or abuse is in fact occurring, the Court would likely act to prevent future incidents. However, no evidence of any misrepresentations, frauds, or abuses is currently before the Court. As the Court made clear at the November 3, 2004 Status Conference, the Court prefers to maintain the hope that the verbal representations of attorneys can be taken as true without more. After all, rules and codes of professional conduct exist to prevent and remedy just this sort of misconduct by members of the legal profession. Until evidence demonstrates that there is reason to doubt the efficacy of the extant attorney discipline system, the Court will not supplement that system with orders in this case. It would indeed be a dark day for the legal profession if evidence of the kind of attorney misconduct the plaintiffs allege were brought to the Court's attention. For the moment, however, the Court is not persuaded to depart from the view that the oral representations of attorneys should be assumed to be trustworthy, and so will not require verification of legal representation in today's clarifying Order.

The defendants' seventh proposed clarification to the land sales Order would allow the defendants to communicate directly with potential class members in receipt of the requisite notice and who represent that they have consulted with class counsel rather than having to communicate with such a class member through class counsel only. As the

Court stated during the parties' discussion of this issue in open Court at the November 3, 2004 Status Conference, there is no reason that such direct communication with an individual Indian should not be allowed where the Indian represents that he or she has consulted with class counsel. After all, the defendants may communicate directly with an Indian who waives his or her right to consult with class counsel, an arguably more dangerous proposition than direct communications where consultation has occurred. The Court is confident in the abilities of the Indians to determine whether or not they ought to communicate with Interior or not. The Court will, however, once again heed the plaintiffs' suggestion that the word "may" again be replaced with "shall" in the clarifying Order issued by the Court today, to forestall any abuse of discretion by Interior. Thus, the defendants' seventh proposed clarification shall be modified to require that defendants communicate directly with a potential class member who represents, either personally or through a guardian or legal representative, that he or she has consulted with class counsel and wishes to proceed with written communications with the defendants related to the sale, exchange, transfer, or conversion of Indian trust land.

The plaintiffs argue, however, that the language of the proposed clarification should be modified to make it clear that representations of consultation provided by a potential class member or the legal representative of a potential class member must be "in writing [with] the signature verified" as discussed above. As the sixth clarification regarding representations by Indians that they have consulted with class counsel will require a written statement to that effect regardless of who makes the representation, adding this language to the seventh clarification will not change the effect of today's Order. It will serve the purpose of clarity, however, and so the Court will include the plaintiff's proposed addendum to the seventh clarification in the Order issued below.

The defendants' eighth and ninth proposed clarifications to the land sales Order read as follows:

8. In the event a class member (or guardian) who has received a Notice declines to sign a waiver form and declines to consult with class counsel, but desires to proceed with further communications, Defendant may proceed to communicate with the class member (or guardian). Defendants may also require the class member (or guardian) to sign a statement indicating that he or she has both declined to waive the right to consult with class counsel and declined to consult with class counsel, and may require verification of the signature as described in paragraph 5, above.

9. In the event a class member (or guardian) who has received a Notice neither returns a signed waiver form nor represents that he or she has consulted with class counsel, and does not indicate whether he or she desires to proceed with further communications, Defendants may engage in further communications with the class member (or guardian) provided that further communications in writing are accompanied by the Notice.

Def.'s Proposed Order at 2–3. Defendants' counsel made much of this factual scenario and the problems that it might cause in proposing this clarification at the November 3, 2004 status conference. However, as was made clear during those proceedings, the Court simply cannot envision this set of circumstances obtaining in the real world. As the plaintiffs indicate in response to this proposal, "[a] beneficiary either avails himself or herself of the right to consult with class counsel or waives that right." Pl.'s Cmts. at 5. There can be no reason, and it is unlikely that there is any real need, to make allowance for this strange "twilight zone" of non-consultation/non-waiver that the defendants describe. The Court certainly understands, in light of recent conduct by Interior, the need to make Court Orders as clear and inclusive of every possible situation as possible. That need, however, does not persuade the Court to extend its Orders into the realm of the imaginary.

If this refusal both to consult with class counsel and to sign the waiver form has actually occurred, as the defendants indicat-

ed at the November 3, 2004 Status Conference, then the Court thinks it more likely that the potential class member either did not understand the nature of the notice or its waiver provision, or was confused by some representation by the defendants regarding the nature and effect of the notice and waiver. Whatever the reason, there is no argument in the record to persuade the Court that the defendants should not bear the burden of securing from any potential class member either a representation that he or she has consulted with class counsel or a signed waiver form prior to proceeding with communications related to the sale, exchange, transfer, or conversion of Indian trust land. Thus, the defendants' eighth proposed clarification will not be included in the clarifying Order issued today.

The defendant's ninth proposed clarification to the land sales Order is almost entirely identical to the eighth, except that it includes the situation where the potential class member has simply failed to either sign and return the waiver or represent that he or she has consulted with class counsel. In accordance with the foregoing analysis and with common sense, the defendants should bear the burden of securing either a waiver or a representation of consultation in this case as well. This means, of course, that the defendants may have to provide another copy of the notice to the potential class member and wait for a response. There is no reason, however, to allow communications to proceed where the intentions of the potential class member with respect to consultation with class counsel remain unclear. Accordingly, the defendants' ninth proposed clarification will not be included in today's Order.

The defendants' tenth proposed clarification to the land sales Order would specify that the defendants need not continue to include the notice and waiver with written communications between the defendants and a potential class member who has already either waived his or her right to consult with class counsel or represented that he or she has consulted with class counsel and wishes to proceed with communications. *See* Def.'s Proposed Order at 3. The plaintiffs contend,

however, that the defendants' tenth proposed clarification should be stricken entirely and that today's clarifying Order should instead include the following language: "Defendants shall include the Notice and Waiver in all written communications to members of the class (or) guardians and legal representatives related to the sale, exchange, transfer, or conversion of trust land. In the event that a beneficiary (or guardian) has executed a Notice and Waiver, defendants shall only include a notice in any written communications." Pl.'s Cmts. at 6.

Ignoring for the moment some imprecision in the wording of the plaintiffs' proposed language that the Court will correct below, the Court finds that the inclusion of this provision in today's clarifying Order is warranted. As the plaintiffs rightly insist in their objections to the defendants' eighth proposed clarification to the land sales Order, "[n]othing precludes a trust beneficiary from communicating with class counsel at any time." Pl.'s Cmts. at 5. This includes the situation where, after duly executing a waiver form and engaging in further communications with the defendants, a potential class member determines that he or she desires to consult with class counsel regarding the subject-matter of those communications or any other matter.

The waiver provision in the notice required by the Court's October 22, 2004 Order is intended to protect and empower class members, not the defendants. In effect, when a potential class member signs the waiver at issue here, he or she waives no more than the right to presently halt the defendants' attempts to communicate with the potential class member regarding the sale, exchange, transfer, or conversion of Indian trust land until the defendants receive further notice that communications may continue. The notice and waiver that the Court mandated in the land sales Order are designed only to prevent the defendants from interfering with the rights of class members. They do not, and cannot, permanently remove the right of any Indian to consult with class counsel at any time regarding any matter.[4]

4. Of course, the defendants are entitled to rely upon an Indian's waiver of the right to consult

To remind the Indians that they continue to possess the right to 'consult with class counsel and to provide every opportunity for the Indians to exercise that right, the defendants shall be required to provide at least the notice set forth in the Court's October 22, 2004 Order, subject to the clarifications prescribed herein, with all written communications to potential class members related to the sale, exchange, transfer, or conversion of Indian trust land even after a waiver has been executed. Whatever small additional burden this requirement might impose upon the defendants is easily outweighed by the benefits that flow from ensuring, as far as is practicable, that Indians who may be class members in this litigation remain appraised of their rights before and during any communications related to the sale, exchange, transfer, or conversion of Indian trust land, which communications are likely to be connected to transactions that may alter or dispose of an Indian's trust assets. Accordingly, the plaintiffs' suggested language will be issued in today's Order rather than the defendants' tenth proposed clarification.

Finally, the plaintiffs request that the Court order the defendants to provide the plaintiffs with copies of all documentation submitted in connection with the notice and waiver procedure set forth in the Court's October 22, 2004 Order and clarified herein. This includes copies of all documents related to the verification of signatures on waiver forms and all written representations regarding any potential class member's consultation with class counsel. As this request is entirely consistent with the Court's prior Orders, it will be granted herein and incorporated into today's clarifying Order.

## CONCLUSION

Upon consideration of the defendants' Proposed Order [2752]; the plaintiffs' Comments [2754] in response thereto, the proceedings at the Status Conference held by the Court on November 3, 2004, and the entire record herein; and in accordance with the foregoing discussion; it is hereby

ORDERED that all written communications related to the sale, exchange, transfer, or conversion of Indian trust land between the defendants, their agents, representatives, employees, officials, and counsel and (1) any member of the plaintiff class; (2) any guardian of any member of the plaintiff class; or (3) any legal representative of any member of the plaintiff class; are subject to the requirements set forth in this Court's Order of September 29, 2004, as clarified by the Court's Orders of October 1, 2004, October 22, 2004, and this date.

It is FURTHER ORDERED that the Court's Order issued September 29, 2004, as clarified by the Court's Order issued October 1, 2004 and the Court's Order issued October 22, 2004, is hereby further clarified as follows:

1. Defendants may make modifications to the text of the notice and waiver to be included with all written communications between defendants, their agents, representatives, employees, officials, and counsel and members of the plaintiff class related to the sale, exchange, transfer, or conversion of Indian trust land required by the Court's Order issued October 22, 2004 (hereinafter "Notice and Waiver") as set forth in this paragraph. Defendants may modify the text of the Notice and Waiver to specify a location other than a Bureau of Indian Affairs office for return of the waiver form. Defendants may remove the blank line adjacent to the waiver language, remove the text requiring the class member to "mark the blank below," and in-

---

with class counsel in engaging in written communications with that Indian related to the sale, exchange, transfer, or conversion of Indian trust land. The initial waiver of the right to consult with class counsel, evidenced by a signed and verified waiver form as discussed herein, is effective and may be relied upon by the defendants unless and until that waiver is withdrawn by the Indian. Nothing in this Memorandum and Order may be construed to require that the defendants secure a waiver from the Indian on each occasion that notice is provided to that Indian in accordance with the Order issued below. That is, there is no need for the defendants to obtain successive waivers for each written communication even though today's Order requires that the notice be included with each written communication, as the first waiver is effective and allows communications to proceed until such time as the potential class member withdraws or otherwise alters his or her waiver.

stead specify under the signature line that "Signature constitutes waiver." Defendants may remove the text indicating that the Notice and Waiver is "attached" to a document so that the notice alone may be provided where appropriate. Any modifications to the language of the Notice and Waiver not expressly authorized in this paragraph must be submitted to and approved by this Court prior to distribution.

2. Defendants shall accept as valid a Notice and Waiver form signed by a class member (or guardian) whether or not the form contains a mark on the blank line adjacent to the waiver language.

3. Defendants shall accept as valid a Notice and Waiver form signed by a class member (or guardian) and returned more than ten (10) days after the Notice is provided to a class member (or guardian).

4. Defendants are not required to provide the Notice and Waiver with checks, electronic payments, or quarterly Individual Indian Money ("IIM") trust account statements.

5. Defendants shall require verification of the signature on a Notice and Waiver form. Defendants shall take prudent action to ensure that signatures on Notice and Waiver forms are verified, such as requiring, for example, that the signatory provide identification or that the signature be witnessed.

6. Defendants shall require a class member (or guardian) who, after receiving a Notice and Waiver, represents that he or she has consulted with class counsel to sign a statement confirming that such consultation has occurred, and shall require verification of the signature on that statement as described in numbered paragraph 5 of this Order. Defendants shall accept such a representation from the legal representative of a class member provided that the legal representative signs a statement confirming that such consultation has occurred and that the signature on that statement is verified as described in numbered paragraph 5 of this Order.

7. If a class member (or guardian) who has received a Notice and Waiver represents that he or she has consulted with class counsel, as described in numbered paragraph 6 of this Order, and desires to proceed with fur-

ther communications, defendants may thereafter communicate directly with the class member (or guardian) provided that such communications comply with numbered paragraph 8 of this Order. Notwithstanding any previous Order to the contrary, such communications need not proceed through class counsel.

8. Defendants shall include the Notice and Waiver in all written communications between the defendants, their agents, representatives, employees, officials and counsel and any member of the plaintiff class, any guardian of any member of the plaintiff class, or any legal representative of any member of the plaintiff class related to the sale, exchange, transfer, or conversion of Indian trust land. In the event that a member of the plaintiff class (or guardian) has executed a Notice and Waiver, defendants shall only include the Notice, without the waiver language, in any further written communications with that class member (or guardian) related to the sale, exchange, transfer, or conversion of Indian trust land.

9. Defendants shall immediately provide to class counsel copies of all executed Notice and Waiver documents and copies of all related documents as described in numbered paragraphs 1–8 of this Order.

SO ORDERED.