Urological Surgery v. Fecteau Benefit CV-04-422-JD  03/02/05  P

UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


Urological Surgery
Professional Association, et al.

     v.                              Civil No. 04-422-JD
                                     Opinion No. 2005 DNH 037
Fecteau Benefits Group, Inc.,
and William Mann Company


                         O R D E R


     Urological Surgery P.A. ("USPA"), USPA Money Purchase
Pension Plan and Trust, USPA Profit Sharing Plan and Trust, and
Edward A. Chibaro, M.D., collectively USPA, bring an action
against Fecteau Benefits Group, Inc., and William Mann Company,
alleging that they breached fiduciary duties owed under the
Employee Retirement Income Security Act ("ERISA") and are liable
under both ERISA and state law for contribution and indemnity.
The plaintiffs' claims arise from a separate action brought
against them by a former employee, John J. Janeiro, M.D., that is
currently pending in this court.  The defendants move to dismiss
the claims against them on the grounds that the claims are not
ripe and the state law claims are preempted by ERISA.  The
plaintiffs object to the motions to dismiss and move to
consolidate this case with the underlying suit brought against
them by Dr. Janeiro.

## Standard of Review

In considering a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Citibank v. Grupo Cupey, Inc., 382 29, 31 (1st Cir. 2004). The court must determine whether the complaint, construed in the proper light, "alleges facts sufficient to make out a cognizable claim." Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir. 2002). All that is required is a short and plain statement of the claim. See Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 473 (1st Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)).

## Discussion

In their response to the defendants' motions to dismiss, the plaintiffs state that their suit is "an action for contribution and indemnity arising under [ERISA]." They further explain that they seek contribution and indemnification to the extent that they may be found liable to plan participant John J. Janeiro, M.D., in the pending case of John J. Janeiro, M.D., v. Urological Surgery P.A., et al., Civil No. 03-325-PB. The defendants argue that the claims are not ripe for adjudication.

2

USPA mistakenly relies on Federal Rule of Civil Procedure 14 to support its argument that its contribution and indemnification claims are properly raised here. Rule 14(a) provides that "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Rule 14(a) merely provides a procedure to bring a third-party claim in an existing action; the rule does not provide a substantive cause of action for indemnification or contribution. See 6 Charles A. Wright, et al., Federal Practice and Procedure § 1448 (1990); see also Z.B. ex rel. Kilmer v. Ammonoosuc Comty. Health Servs., Inc., 225 F.R.D. 60, 61 (D. Me. 2004); Brown v. Shredes, Inc., 69 F. Supp. 2d 764, 767 (D.S.C. 1999). Therefore, Rule 14(a) is inapposite to this case.

Generally, a cause of action for contribution or indemnity is not ripe until the plaintiff's obligation to pay in the underlying dispute has been established. See Lear Corp. v. Johnson Elec. Holdings Ltd., 353 F.3d 580, 583 (7th Cir. 2003); Lincoln House, Inc. v. Dupre, 903 F.2d 845, 847-48 (1st Cir. 1990) (same principle applied in context of contingent RICO claim); Oxford Shipping Co., Ltd. v. N.H. Trading Corp., 697 F.2d 1, 7 (1st Cir. 1982); Pardee v. Consumer Portfolio Servs., Inc.,

344 F. Supp. 2d 823, 836 (D.R.I. 2004). In the underlying suit, Dr. Janeiro brought claims against USPA under ERISA, which remain pending. Therefore, USPA's ERISA contribution and indemnification claims against the defendants are premature and are dismissed without prejudice.

USPA also brings a claim for contribution under New Hampshire law. New Hampshire Revised Statutes Annotated § 507:7-f provides that "a right of contribution exists between or among 2 or more persons who are jointly and severally liable upon the same indivisible claim, or otherwise liable for the same injury, death or harm, whether or not judgment has been recovered against all or any of them." Because USPA's ERISA claims, which are the basis of subject matter jurisdiction in this case, are dismissed, the court declines to exercise supplemental jurisdiction over the state claim. 28 U.S.C. § 1367(c)(3); see also O'Connor v. Commonwealth Gas Co., 251 F.3d 262, 272-73 (1st Cir. 2001).


### Conclusion

The defendants' motions to dismiss (documents no. 6 and 17) are granted. The case is dismissed without prejudice. The plaintiff's motion to consolidate (document no. 13) is terminated as moot.

4

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_Joseph A DiClerico, Jr._

Joseph A. DiClerico, Jr.
United States District Judge

March 2, 2005

cc:   Thomas M. Closson, Esquire
      Danielle Leah Pacik, Esquire
      William B. Pribis, Esquire
      Alexander J. Walker, Esquire